(88 South. 599)

LYONS et al. v. JACOWAY.　(7 Div. 125.)

(Supreme Court of Alabama.　April 7, 1921.)

1. Mortgages ⊜═581(4)—Stipulation for attorney's fees for indemnity only.

Stipulation of mortgage note for payment of all costs of collection, including a reasonable attorney's fee, is for indemnity only; and the note having been placed in the hands of an attorney for safe-keeping only, and no steps having been taken for its collection till after tender of the amount due, no attorney's fee is collectible of the maker of the note, though the attorney investigated the connection between the mortgage securing the note and a pending partition suit, to which the holder of the note was a party, and the effect it would have on his rights therein.

2. Tender ⊜═18—Kept good by deposit in bank.

Tender was kept good where after refusal of the creditor to accept, one who was acting in the matter as agent of the debtors deposited the money in a bank in his name, and there kept it, till action by the debtors to redeem from the mortgage securing the debt, when it was deposited in court.

3. Mortgages ⊜═413—Bill to enjoin foreclosure, supplemental to one to redeem, proper.

A supplemental bill for injunction against foreclosure is proper in a suit to redeem from a mortgage.

Appeal from Circuit Court, Dekalb County; W. W. Harralson, Judge.

Bill by R. F. Lyons and another against W. Y. Jacoway. From a decree denying relief, complainants appeal. Reversed and rendered.

Hunt & Wolfes, of Ft. Payne, for appellants.

A sufficient tender was made. 165 Ala. 206, 51 South. 744. The whole decree was erroneous under the facts of the case. 132 Ala. 128, 31 South. 92; 186 Ala. 514, 65 South. 151; 200 Ala. 377, 76 South. 293; 199 Ala. 566, 75 South. 1; 176 Ala. 122, 57 South. 472; 95 Ala. 463, 10 South. 638; 180 Ala. 8, 60 South. 98; 199 Ala. 101, 74 South. 239.

W. U. Jacoway and Baker & Baker, all of Ft. Payne, for appellee.

The complainants did not make a proper tender. 38 Cyc. 178; 103 Ala. 481, 15 South. 641; 7 May. 892; 103 Ala. 469, 15 South. 945; 156 Ala. 575, 46 South. 849; 21 Ala. 782; 39 N. J. Law, 413; 34 Ala. 126; 94 Ala. 488, 10 South. 222; 95 Ala. '166, 10 South. 444, 36 Am. St. Rep. 190; 172 Ala. 72, 55 South. 174.

GARDNER, J. Appellants filed this bill against the appellee to redeem certain lands from a mortgage executed by them to one J. Cunningham, which mortgage was transferred to the respondent.

It was the insistence of complainants that they had made a partial payment upon this mortgage to Cunningham, and had an understanding that the indebtedness would be carried for another year, and that immediately upon learning of the transfer to the respondent they tendered him the full amount due thereon, which was refused. The question of tender therefore is the only matter here presented for consideration. Upon submission of the cause for final decree upon the pleadings and proof the trial court held that the tender had been insufficient; and from this decree the complainants have prosecuted this appeal.

After a careful examination of the evidence, we have reached a contrary conclusion. We consider a detailed discussion of the testimony unnecessary, but will make only such reference thereto as to disclose in a general way the reasons which lead us to this result.

The mortgage in question, which was for the sum of $1,500, was executed January 5, 1916, and due on the 25th day of December following. Within a few days after maturity the complainants paid to the mortgagee, Cunningham, $200 on the principal and $120 interest, reducing the loan to $1,300. While there is some little question as to the exact date of this payment, we are reasonably convinced that it was made January 5, 1917. On March 8, 1917, the respondent filed suit on the equity side of the docket in Dekalb circuit court against these complainants and the mortgagee, Cunningham, as well as others claiming an undivided interest in the property involved in this mortgage. This suit was pending in that court at the time of the filing of the present bill, and appears to have reached a final determination by the decision of this court this day handed down. Lyons v. Jacoway, post, p. 479, 88 South. 597, present term.

On April 11, 1917, the respondent purchased the note and mortgage here involved from Cunningham, paying him the full amount due thereon; and, without any communication whatever with any of the complainants or

any demand of any character being made upon them, within two or three days after he had acquired the same he handed the note and mortgage to his uncle, W. U. Jacoway, an attorney residing in Ft. Payne, with the suggestion that he put it in the Citizens' Bank for safe-keeping. Respondent further stated that he instructed his uncle that he did not want to foreclose the note until it became necessary; "that he could use his own judgment in the matter."

It appears that the litigation concerning the division of the land and the interest of this respondent to the same, which litigation was pending at the time of his purchase of the mortgage here in question, was warmly contested; the complainants insisting that he was without interest therein.

In the latter part of April, 1917, complainants, discovering that respondent had purchased the mortgage, secured the money for the payment of same, and went with their attorney to the respondent, informing him they had the money with them and made a tender. The respondent informed them that he did not have the mortgage, but they would have to see his uncle, the attorney. Complainants then informed the respondent that they had the money, which they then tendered him with which to pay the full amount, principal and interest, and in addition thereto an attorney's fee of $25, though they insisted that no attorney's fee was due. Respondent again refused, saying he would have nothing to do with it. The testimony for the complainants tends to show they did see respondent's uncle. and that he declined to take the tender because $100 attorney's fee was not included. There is some dispute in the evidence as to whether or not they were able to see the attorney who insists that he had to go on a visit to Georgia and left the matter with one Presley to attend to. However this may be, it appears without dispute that they did promptly apply to Presley to redeem the mortgage, offering to count out to him the amount of principal and interest and $25 attorney's fee in addition. Presley, testifying, stated the attorney for the complainants told him, "We are going to pay the principal and interest * * * and going to pay $25 attorney's fee in addition." Presley further testified that one of the complainants took a roll of money from his pocket and started to count it out, and he told them that was unnecessary; that so far as he was concerned he was offering to pay it; to use the language of the witness, "they wanted to pay the principal and interest and $25 attorney's fee, and Jacoway wanted a larger attorney's fee, I don't remember the amount."

It appears the mortgage was in the Citizens' Bank, and the complainants also made a tender to one Cook, cashier, but it does not appear that he was authorized to accept the same and did not do so. Complainants then deposited this sum in the bank in the name of Luther Lyons, who is the son of one of the complainants and the brother of another, and who as to this matter was acting as the agent of the mortgagors, and there the funds remained on deposit for more than two years, when this bill was filed and the amount deposited with the register of the court.

W. U. Jacoway, the attorney and uncle of respondent, stated that the respondent told him he was not in a hurry about pressing the note, and that upon examination "I would find that the mortgage embraced some of the property that he owned," and "he did not want to get in any complications and he wanted me to look into the matter and preserve his rights"; that he would not press it at the time, being of the opinion that respondent was not in immediate danger of loss or injury. He further testified that he placed the note and mortgage in the bank for safe-keeping; that he examined the notes and mortgage, and "then took the matter up from a legal standpoint and investigated the law relative to the case as I saw it.". He had been informed that the Lyonses wished to pay the mortgage, and he instructed Mr. Presley to accept payment therefor if they offered the full sum and $100 attorney's fee.

The note for security of which the mortgage was given stipulates for the payment of all costs of collection, including a reasonable attorney's fee; and the question of attorney's fee is really the pivotal point in the case.

Counsel for appellee makes the insistence that the amount which the complainants had on their person at the time of the tender lacked 57 cents of being sufficient to pay the principal and interest in full, and that in cases of this character the doctrine of "De minimis non curat lex" does not apply. This is a question which we need not stop to consider, for we think it quite evident from the proof in this case that refusal of tender may well be said to have rested upon the sole reason that in the opinion of the respondent sufficient attorney's fee had not been included, and, indeed, if Mr. Presley was authorized to accept payment, the complainants were not permitted to count out the full sum.

[1] However this may be, and aside from these considerations, we have reached the conclusion that no attorney's fee was due, and that in fact the complainant had tendered more than was required. Agreements of this character are for indemnity only. Thompkins v. Drennen, 95 Ala. 463, 10 South. 638; Faulk v. Hobbie Gro. Co., 178 Ala. 254, 59 South. 450. The employment must be in good faith and for the purpose of collecting the debt.

We are persuaded that the respondent did not purchase this mortgage as an investment, but for whatever advantage he might obtain thereby in the litigation then pending between himself and complainants concerning his in-

terest in the property. It was past due at the time of purchase, and was bought without discount and without any demand for payment whatever, and without any apparent necessity therefor, so far as the collection of the note was concerned, was almost immediately delivered to his uncle, an attorney, but with instructions not to press it, and was by the latter placed in the bank for safe-keeping. He evidently informed his uncle of its connection with the property involved in the litigation then pending. The attorney had no communication with the complainants, making no demand on them, and, as disclosed by the evidence outlined above, a few days after he had been handed the paper by the respondent the complainants were making every reasonable effort to pay the same.

The attorney insists that he made some investigation of the law of the case, and counsel for appellee seem to consider it rather unreasonable that opposing counsel should insist that the witness was here referring to the case then pending between these parties, and the connection of the mortgage therewith. After a careful consideration of this record, we are persuaded that counsel for appellants are correct. The conversation the attorney had with the respondent at the time the mortgage was given to him disclosed this intimate connection which the mortgage had with the pending suit. There was no case to investigate unless it be that litigation. We will enter into no further discussion of the testimony. If the respondent's uncle was employed to investigate the connection between this mortgage and the pending litigation, and the effect it would have upon the respondent's rights therein and thereto, for this he would be entitled to compensation from the respondent; but, as such employment would not be for the purpose of collecting the note and mortgage, the mortgagors could not be made liable therefor. This seems to be the extent of his employment in this case, and we are persuaded that the delivery of this note and mortgage under the circumstances here disclosed, to respondent's uncle, was not in good faith for the purpose of collection, and it is not pretended that anything was done tending in that direction. Indeed, during the entire two years subsequent to this tender, and while the money remained on deposit in the bank, nothing appears to have been done or attempted in the collection of this indebtedness, and no steps taken until the mortgagors themselves filed this bill.

[2] That the tender in this case was kept good cannot be questioned. McCalley v. Otey, 99 Ala. 584, 12 South. 406, 42 Am. St. Rep. 87.

[3] The supplemental bill praying for an injunction from the foreclosure of the mortgage pending the suit was entirely proper. Fair v. Cummings, 197 Ala. 131, 72 South. 389; Carroll v. Henderson, 191 Ala. 248, 68 South. 1;

Johnson v. Smith, 190 Ala. 521, 67 South. 401.

We are therefore of the opinion that complainants were entitled to the relief they sought; that is, to have the sum they tendered, and which they have paid into court, declared as sufficient for the satisfaction in full of the mortgage indebtedness, and that the same be accepted in full payment thereof; that complainants are entitled to redeem said lands, and have the mortgage canceled.

It therefore results that the decree of the court below will be reversed, and one here rendered granting the relief prayed.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.