(95 South. 891)

KENNEDY v. SORSBY et al. (6 Div. 697.)

(Supreme Court of Alabama. April 5, 1923.)

1. **Appeal and error** ⬅═266(1)—Failure to take exception to register's report below is waiver of any error therein.

Where no exception was taken below to an item in a register's report, no question is presented on appeal with reference to such item.

2. **Usury** ⬅═72—Rules as to evasion of usury laws intended as guide for court in determining intent of parties.

Rules relative to evasion of usury laws are intended as a guide to the court in arriving at the intention of the parties.

3. **Mortgages** ⬅═38(1)—Evidence held to show a contract a conditional lease sale contract, and not a mortgage.

Evidence *held* to disclose fact that a contract of lease was a conditional lease sale contract, and not a mortgage.

4. **Appeal and error** ⬅═878(2)—Respondent satisfied with decree may not raise question settled by it.

Where the decree of a court relieved complainant from forfeiture of a lease sale contract, and granted to him the right to reacquire title by payment of the amount due, respondent could not raise the question on appeal as to the effect of a waiver of default in the payment of one installment where he was satisfied with the decree relieving from forfeiture.

5. **Vendor and purchaser** ⬅═298—Provisions for attorneys' fees in contracts intended for indemnity on employment in good faith.

Provisions for attorneys' fees in contract such as a lease sale contract are intended for indemnity, and not to secure the payment of a fee for unnecessary services or for services rendered necessary by the contributing wrong of the other party; and under such contract the employment of an attorney must be in good faith, and for the purposes provided by the contract.

6. **Vendor and purchaser** ⬅═298—Employment of counsel held made in good faith authorizing recovery for attorney's fees as provided in conditional lease sale contract.

Where a $6,300 lease sale contract contained a stipulation for payment of attorney fees by lessee upon default of terms of lease, and the lessee defaulted repeatedly, and the lessor made numerous demands for payment of

arrears, lessor *held* to have acted in good faith in employing counsel, resulting in suit for unlawful detainer, and was entitled to an allowance of $750 attorney's fees.

**7. Costs ⬗12, 32(3)—Taxing cost rests in discretion of court; taxing cost against party not wholly unsuccessful held not error.**

The question of taxation of costs is a matter resting largely in the discretion of the court, and it would be unjust to tax costs to respondent where in many phases of the litigation appellant proved unsuccessful because of his own defaults, though he was not wholly unsuccessful.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by J. S. Kennedy against Mrs. I. K. Sorsby and S. P. King. From the decree, complainant appeals. Affirmed.

J. T. Collins, Jr., and J. S. Kennedy, of Birmingham, for appellant.

Equity looks to substance and not to form of a transaction, and if it was for the loan of money it is regarded as a mortgage. Zimmerman v. Wilson, 201 Ala. 70, 77 South. 364; Lewis v. Hickman, 200 Ala. 673, 77 South. 46; Turner v. Wilkinson, 72 Ala. 366; Winn. v. Fitzwater, 151 Ala. 178, 44 South. 97; Sewell v. Holley, 189 Ala. 128, 66 South. 506; Glass v. Hieronymus, 125 Ala. 140, 28 South. 71, 82 Am. St. Rep. 225.

Wood & Pritchard, of Birmingham, for appellees.

The contract of sale having been forfeited, became a contract of lease merely, and as such was terminated for nonpayment of rent. Davis v. Folmar, 203 Ala. 336, 83 South. 60; Nelson v. Sanders, 123 Ala. 615, 26 South. 518. Waiver of default in payment in one or more installments does not operate as a waiver of the right to insist on payment of subsequent installments. 39 Cyc. 1177, 1395; 24 Cyc. 1362; Foster v. Goodwin, 82 Ala. 384, 2 South. 895; Jones v. Hert, 192 Ala. 111, 68 South. 259. If the lessor receives rent only for the time prior to the breach of the conditions, payment under such circumstances will not constitute a waiver of his right to elect to declare the estate of the lessee forfeited. Brooks v. Rogers, 99 Ala. 435, 12 South. 61; Larry v. Brown, 153 Ala. 452, 44 South. 841; Carraher v. Bell, 7 Wash. 81, 34 Pac. 469; Cockran v. Phila. M. & T. Co., 70 Neb. 100, 96 N. W. 1051.

GARDNER, J. Appellant originally filed the bill in this case against Mrs. I. K. Sorsby alone, seeking relief against an alleged forfeiture of a lease sale contract entered into between these parties as to a house and lot in the city of Birmingham, and also seeking an injunction against Mrs. Sorsby from dispossessing the complainant by suit or otherwise. The bill was subsequently amended by adding S. P. King as a party respondent, alleging that he was a party beneficially interested in the result of this suit, and that Mrs. Sorsby was only nominally interested, and holding in trust for said King her interest in the contract. There was further amendment in which the complainant advanced the theory that the contract was in fact intended as a mortgage to secure the debt, the amount of which was stated therein, and that it was infected with usury.

Respondent denied the material averments of the bill, and much proof was offered by the respective parties in support of the issues thus presented.

The court below reached the conclusion that the instrument referred to as the lease sale contract, which forms the subject-matter of this litigation, was not a mortgage, and denied any relief based upon that theory. The court also held that S. P. King was without interest in such contract, and the bill as to him was dismissed. The conclusion was further reached, however, that, while there had been default by complainant in meeting the payments specified in the contract, yet the forfeiture therein provided had been waived by respondent Mrs. Sorsby accepting payments of rent, and therefore complainant was given under the decree time within which to pay the amount found to be due under the contract, and was to receive a deed therefor. For the purpose of ascertaining the amount due, the chancellor ordered a reference to be held before the register, which was done, and report was duly made, the amount ascertained being the sum of $9,099.-49. This amount included $1,000 attorneys' fee allowed to respondent Sorsby, and $57.86 for reimbursement in clearing the title as to a judgment held by one Screws against the property involved.

The complainant filed exceptions to the register's report. The first exception appears to relate to an excessive claim as to interest, which was subsequently corrected by an amendment to the report; and the remaining exceptions relate to the allowance of attorneys' fee for the respondent.

[1] In brief of counsel for appellant some argument is advanced concerning the sum of $57.86 for reimbursement in clearing the title from Screws above noted, but there was no exception to the register's report as to this item, and therefore nothing is here presented for our consideration in reference thereto. Chancery rule 93, Code 1907, p. 1556.

Upon consideration of the report of the register the court confirmed the same as amended, except as to the allowance of attorneys' fee in the sum of $1,000, which amount was reduced to $750, and as thus reduced the report was affirmed and final decree rendered accordingly. From this decree the complainant has prosecuted this appeal.

The record is rather voluminous, but we

are of the opinion it would serve no useful purpose to enter into any detailed discussion of the evidence.

Respondent King testified that he was without interest in this contract, or the subject-matter of this litigation, and such was also the testimony of Mrs. Sorsby. We are of the opinion the court was fully justified in dismissing the bill as to respondent King.

[2] The full amount of the contract called for the payment of $6,300. By the amended bill the complainant sought to have this instrument declared a mortgage, and to eliminate some few hundred dollars added, as he insists, by way of evasion of the usury laws and thus reduce the amount to be paid. The rules governing cases of this character are well understood, and need no repetition here. They are intended as a guide to the court in arriving at the intention of the parties.

[3] The property here involved was a house and lot in the city of Birmingham, which complainant had owned and occupied as a home for a long number of years. There was a mortgage on the property to the Prudential Life Insurance Company in the sum of $3,700, and another mortgage to Steiner Bros. for $2,000. Complainant defaulted in the payment of the Steiner Bros. mortgage, and after some delay this mortgage was foreclosed, the mortgagee becoming the purchaser. Steiner Bros. then entered into a lease sale contract with the complainant, in the payment of which complainant made default, and it was thus forfeited. The two-year period for statutory redemption had expired, and complainant entered into a contract of lease with Steiner Bros., agreeing to pay $40 per month rent. There was default in the payment of these monthly installments, and the evidence discloses that Steiner Bros. were willing, if not anxious, to dispose of their interest in the property.

We think it very clearly appears that complainant himself first approached S. P. King to assist him in financing the proposition, so he could have another opportunity to acquire the title to his homestead, the title to which he had lost; and his letter to Mrs. Sorsby, written about the time the transaction here in question was closed, disclosed that he recognized and advised her that on this account a title from Steiner would give her a good title. As the result of these negotiations, what is referred to as a lease sale contract here in question was entered into.

It appears that the word "conditional" was subsequently inserted in the contract, and much stress is laid upon that point. Complainant is a man of business experience, and has been in the practice of law since 1886. The amount to be paid was agreed upon between himself and King, the complainant himself writing the figures $6,300. Indeed, he appears to have written the contract. He knew that Mrs. Sorsby had acquired the title

to this property by a deed from Steiner Bros.; and the contract in question gave him an opportunity to repurchase and thus reacquire his homestead. In testifying concerning the amount to be paid he answered: "That was the amount agreed upon to be paid as the repurchase price of the property." We have no hesitation in concurring with the opinion of the chancellor that the contract was written as the parties fully understood it, and that it was not a loan of money or intended as a mortgage or other security for any debt. It was what it purports to be on its face, a conditional lease sale contract.

There were 24 notes of $60 each, payable monthly, as well also other notes covering different periods, as provided in this contract. Of these $60 notes 10 of them have been paid, but not at the time they were due. Indeed, the payments made under this contract were invariably partial payments only upon past-due notes. After being handled by S. P. King for a while, the notes were placed in the bank for collection, and subsequently placed with a real estate agency, and numerous demands were made by such agent for payment, or possession would be demanded. These collections were only partial, and of past-due amounts, and, the defaults having been frequent and long continued, Mrs. Sorsby placed all the papers in the hands of her attorney for attention, resulting in a suit for unlawful detainer, which was enjoined by this litigation, which has continued for some time. King testified that he specifically told complainant that, as he had defaulted in his payments, such payments as he had made were for rent only.

[4] It is insisted by counsel for appellee that a waiver of default in payment as to one or more installments does not operate as a waiver of the right to insist on payment of subsequent installments as provided in the contract or prevent the vendor from rescinding or declaring a forfeiture for failure to do so, citing 39 Cyc. 1395; 24 Cyc. 1152; Davis v. Folmar, 203 Ala. 336, 83 South. 60; Brooks v. Rogers, 99 Ala. 433, 12 South. 61; Nelson v. Sanders, 123 Ala. 615, 26 South. 518; Larry v. Brown, 153 Ala. 452, 44 South. 841; Bell v. McKay & Co., 196 Ala. 408, 72 South. 83—among other authorities. But this question is not here presented for consideration in view of the fact that respondent rests content with the decree of the court, which relieves the complainant from forfeiture, and grants to him the right to reacquire the title to the property by payment of the amount found to be due thereon.

[5, 6] The appellant complains of the action of the court in allowing attorney's fee for the respondent. The contract provided for the prompt payment of the installment notes, and also for the payment by complainant of all taxes and insurance, in all of which there was default. The right to re-enter and annul the lease was also provided for under

these circumstances in the contract. There are other conditions and provisions of the contract unnecessary to be further noted. It was expressly provided, however, that, in the event of the employment of an attorney by Mrs. Sorsby on account of the violation of the conditions of the lease by this complainant, he should be taxed with such attorney's fee.

We fully recognize that provisions for attorneys' fees in contracts of this character are intended for indemnity, and not intended to secure the payment of a fee for unnecessary services or for services rendered necessary by the sole or contributing wrong of the other party, as held by this court in Compton v. Collins, 197 Ala. 642, 73 South. 334, and that such employment of an attorney must be in good faith and for the purposes provided by the contract. Lyons v. Jacoway, 205 Ala. 456, 88 South. 599.

We are of the opinion that the employment of counsel by Mrs. Sorsby under the facts here presented was entirely in good faith, and rendered necessary for the protection of her interest and the enforcement of the provisions of her contract on account of repeated defaults of complainant, to use the language of the contract, "on account of violations of conditions of the lease." As to the amount of attorney's fee, we have examined with care the evidence in this respect, and have reached the conclusion that the sum fixed by the chancellor should not be here disturbed.

[7] The question of taxation of costs is a matter resting largely in the discretion of the court. In many phases of this litigation the complainant has proven unsuccessful, and that it only arose on account of his own default is made clearly to appear. Under the facts as presented in this record, we are of the opinion that it would be manifestly unjust that Mrs. Sorsby be taxed with the costs, and we therefore also agree with the chancellor in this respect.

After a careful consideration of the questions presented on this appeal, we find nothing in this decree of which appellant can complain, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.