170 So. 348

**HAMILTON et al. v. BURGESS.**

**8 Div. 739.**

Supreme Court of Alabama.

June 11, 1936.

J. L. Orman, of Russellville, for petitioner.

J. Foy Guin, of Russellville, opposed.

BOULDIN, Justice.

Stipulations in notes and mortgages by which the debtor contracts to pay the attorney's fee of the creditor means the attorney's fee actually and reasonably incurred by reason of the default of the debtor.

If the creditor and attorney agree in advance upon the fee to be paid to the attorney, this, if not excessive, is the measure of the fee which is chargeable against the debtor. It matters not that the contract stipulate a specific amount, 10 per cent. for example, as a reasonable attorney's fee. Such contract is one of indemnity merely, to protect the creditor against attorney's fees to the amount stipulated. Tompkins v. Drennen, 95 Ala. 463, 10 So. 638; Faulk & Co. et al. v. Hobbie Grocery Co., 178 Ala. 254, 265, 59 So. 450; Lyons et al. v. Jacoway, 205 Ala. 456, 88 So. 599.

Any agreement between the creditor and his attorney by which either is to collect under guise of attorney's fees more than the attorney is to receive for his services is oppressive, unlawful, and void. It has been styled an easy cloak for usury. Tompkins v. Drennen, supra. Some states have special statutes to safeguard the debtor against such imposition.

Any agreement between the creditor and his attorney to split fees is highly objectionable. Sums exacted as attorney's fees under such arrangement are illegally collected so far as in excess of what the attorney is to receive. Any sum collected in excess of the sum really incurred for attorney's fees is the money of the debtor, and recoverable by him as for money had and received. Tompkins v. Drennen, supra; Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399.

Applying these principles to pleas A and B, replications 2 and 4 thereto, and the demurrers to replications all set out in the opinion of the Court of Appeals (H. H. Hamilton et al. v. C. R. Burgess, 170 So. 346), we observe the Court of Appeals correctly held the pleadings disclose an unlawful and champertous arrangement between attorney and client.

But we cannot concur in the view that the attorney can recover the full amount thus exacted and in the hands of the creditor. He has received the full sum he agreed to accept for his services. The residue is ex aequo et bono the money of the debtor. In one case such residue was unlawfully collected in money. In the other the mortgagee included such excess in the purchase price at foreclosure sale in which he became purchaser. This latter is recoverable as balance of purchase money due the mortgagor on foreclosure sale. Union Bank & Trust Co. v. Royall, supra.

The cases relied upon to the effect that, if an attorney has entered into a champertous arrangement with his client, he may disregard such unlawful agreement as if never made, and recover on the quantum meruit, have no application here.

**6**

Having received the fee in full which he agreed to accept, the only amount which could be lawfully collected from the debtor, he cannot now enlarge his claim to cover money unlawfully in his client's hands under an arrangement to which he was a party and in pari delicto.

The writ of certiorari is granted, the judgment of the Court of Appeals reversed, and the cause remanded to that court.

Writ granted; reversed and remanded.

All the Justices concur.