In the Matter of Walter Leon
DELANEY, Bankrupt.

**FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellant,**

v.

**Walter Leon DELANEY, Appellee.**

No. 76–1282
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 2, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Emmett R. Cox, Robert H. Allen, Mobile, Ala., for appellant.

Arthur B. Briskman, Mobile, Ala., for appellee.

Before WISDOM, THORNBERRY and TJOFLAT, Circuit Judges.

PER CURIAM:

In June of 1973, the bankruptcy court approved a debt payment plan voluntarily filed under Chapter XIII of the Bankruptcy Act by Walter Leon Delaney. Pursuant to Chapter XIII, the "wage earner's" bankruptcy provision, the bankruptcy court assumed jurisdiction over all of Delaney's property and over all of his debts, other than debts secured by real property. *See* 11 U.S.C. §§ 1006(1), (4), 1011 (1970). Creditors were stayed, pursuant to 11 U.S.C. § 1014, from foreclosing or otherwise enforcing a lien on any of Delaney's property, unless authorized by the bankruptcy court. The court required regular payments under the plan, and Delaney made such payments during the period at issue in this case.

Since 1971, Delaney and his wife have owned a house and lot in Mobile, Alabama, having assumed a mortgage held by the Federal National Mortgage Association (FNMA). Before, and for some period after, his filing under the wage earner's provision, Delaney timely made the payments on the mortgage. In the spring of 1974, however, the payments stopped. After several months, FNMA sought relief from the stay of the bankruptcy court to permit foreclosure of the mortgage on the real property under the jurisdiction of the bankruptcy court.[1] The court, noting the need of Delaney and his family to remain in the house and the existence of ready funds to cover most of the amount in arrears, denied the relief conditioned upon the payment to FNMA within ninety days of the full amount then due. The court's action in this

---

1. This procedure is specifically authorized by Bankruptcy Rule 13–401(d).

regard is not challenged, and the required payment was in fact made.

FNMA also sought to recover attorney's fees provided for in the mortgage contract.[2] The bankruptcy judge denied any award of attorney's fees on the ground that "the indebtedness was not due at the time of the filing of the petition herein nor had the attorney for the plaintiff performed any services prior to the filing of the petition herein." The district court affirmed this ruling on review.

FNMA vigorously contends on appeal that, under Alabama law, the amount of attorney's fees due under the contract became a part of the overall debt secured by the mortgage. It concedes that the bankruptcy court had discretion to deny foreclosure, since that matter is within its Chapter XIII jurisdiction, but argues that the court had no jurisdiction to "alter the terms of the debt or the conditions of the mortgage" because debts secured by real property are not within the ambit of Chapter XIII. The bankruptcy court, therefore, in FNMA's view, should have awarded it attorney's fees.

■ We find that we can agree with appellants in nearly ever respect except outcome. Despite the fact that Delaney was subject to the federal bankruptcy laws, the validity and construction of a contractual attorney's fee provision like this one is governed by state law. *Security Mortgage Co. v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928); *In re Atlanta Int'l Raceway, Inc.*, 513 F.2d 546, 548 (5 Cir. 1975). And liability under such a provision is, under Alabama law, considered a part of the debt secured by the mortgage. *Taylor v. Jones*, 290 Ala. 268, 276 So.2d 130, *cert. denied*, 414 U.S. 879, 94 S.Ct. 126, 38 L.Ed.2d 124 (1973). We agree further that the bankruptcy court had no jurisdiction to alter or modify the contractual terms.

■ But we cannot stop there. What jurisdiction did the bankruptcy court have

to *enforce* the terms of the contract, and to declare the existence or amount of an obligation secured by an interest in real property? Clearly there was no power in the court merely to declare the amount of liability, if any, and issue a judgment therefore. That would be a ruling on validity of the debt alone, which is beyond the court's jurisdiction. The only power that the court had which was relevant to the claim was its power over the debtor's property. Accordingly, there was jurisdiction only to remove the stay and to permit the creditor to enforce existing liabilities through foreclosure of the lien on the debtor's house and lot. But this, as discussed above, was not a matter of right, but one within the discretion of the bankruptcy court; unless the bankruptcy court abused its discretion, this court could not find error in its action.

■ It is clear from the bankruptcy court's order, however, that it viewed itself as without such discretionary power in this case. The court believed that any attorney's fees incurred since the filing of the Chapter XIII plan, as were these, were not recoverable. Such a belief was understandable in light of the usual rule that bankruptcy proceedings suspend the rights and obligations between a creditor and his debtors. *See In re Fontainebleau Hotel Corp.*, 508 F.2d 1056, 1059 (5 Cir. 1975). In *Atlanta Raceway, supra*, we again recognized this rule and noted its particular applicability in proceedings in which the debtor is attempting financial rehabilitation under the protection of the bankruptcy court. To permit creditors to add further to the debtor's burden, and to in effect achieve a late preference over other creditors, would subvert the purposes of such proceedings. *See* 513 F.2d at 550–51.

■ We find, however, that an exception to this rule must be recognized in the narrow circumstances here presented: a claim against the property of a Chapter XIII bankrupt by a creditor whose debt is secured by real property. Such an exception

---

2. The relevant provision states:

13. Any promise made by the Mortgagor herein to pay money may be enforced by a

suit at law . . . and as to such debts the Mortgagor . . . agrees to pay a reasonable attorney's fee for the collection thereof.

is necessary because such a creditor does not have the opportunity to benefit from a Chapter XIII proceeding that other creditors in the proceeding (or all creditors in other types of bankruptcy proceedings) have. A creditor like FNMA is entitled to no notice of the filing of a Chapter XIII plan, does not have an opportunity to approve or disapprove of the plan, and does not receive payments under the plan. For its duration he has no rights in the bankruptcy court other than those which the court, in its discretion, accords him.[3]

This fact undercuts the applicability of the *Atlanta Raceway* rationale to this case. FNMA's claim for post-plan attorney's fees will not impair Delaney's financial stability; if that is a possibility, the court presumably will not exercise its discretion in favor of permitting foreclosure (or conditional foreclosure).

Accordingly, we hold that the bankruptcy court has jurisdiction to permit enforcement of a state-created lien securing payment of attorney's fees on a Chapter XIII debtor's property. We further hold that, in the case of a Chapter XIII proceeding and a creditor whose interest is secured by real property, the fact that such attorney's fees are incurred after the commencement of the proceeding does not prevent their recognition by the court. But the enforcement of such a lien, if it exists, is committed to the court's discretion. We therefore remand the case to the bankruptcy court in order for it to determine whether it will exercise its discretion in favor of appellants[4] and to give appellants an opportunity to establish the amount of attorney's fees, if any, to which it may be entitled.

REVERSED AND REMANDED.

**3.** Of course, this discretion is not unlimited. The court must protect the security of the creditor's mortgage as well as the interests of the debtor and other creditors in his rehabilitation. *See Hallenbeck v. Penn Mut. Life Ins. Co.,* 323 F.2d 566 (4 Cir. 1963); *In re Townsend,* 348 F.Supp. 1284 (W.D.Mo.1972).

**4.** If the court chooses not to do so, this will of course not operate as an adjudication that

there is no state-created contractual right to attorney's fees. It will indicate only that there is likely to be no way to enforce such a right until the Chapter XIII proceeding is over.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.