In the Matter of Willie COVINGTON and Eartha Dean Covington, Debtors.

BLOOMFIELD SAVINGS BANK,
Plaintiff,

v.

Willie COVINGTON, Jr., and Eartha Dean Covington, his wife; and Jeanette E. Tavormina, as Trustee in Bankruptcy, Defendants.

Bankruptcy No. 79–1066–BK–NCR–B.

United States Bankruptcy Court,
S. D. Florida.

Dec. 28, 1979.

Solomon Weiss, Miami, Fla., for debtors.

Philip J. Morgan, Fort Lauderdale, Fla., for plaintiff.

## FINDINGS AND CONCLUSIONS

THOMAS C. BRITTON, Bankruptcy Judge.

In this adversary proceeding, the plaintiff bank seeks modification of the automatic

stay imposed by B.R. 13–401 in order that it may proceed in a State court mortgage foreclosure action that was pending when this Chapter XIII petition was filed on September 12, 1979. (C.P. No. 1) The trustee has answered. (C.P. No. 6) The debtors have filed a motion to quash service (C.P. No. 7) and a motion for continuance. (C.P. No. 8) The matter was heard on December 20, 1979, the day scheduled for the trial of this complaint. This order is a memorandum of decision under B.R. 752(a).

■ It is undisputed that the debtors were served promptly and properly. B.R. 704(c)(9) requires that when a bankrupt or debtor who is represented by counsel is served by mail, a copy of the complaint and summons shall also be mailed to counsel. This was done in this instance, but counsel never got the letter. He first heard of this proceeding on December 6. I find that no material prejudice to any substantial rights of the debtors has resulted from this partial failure in service and that service was effective to the extent required by B.R. 704(h). The motion to quash is denied.

■ There is only one issue presented in this proceeding, whether the mortgage lender should be compelled to reinstate a defaulted and accelerated mortgage on the debtors' home. The debtors and their attorney were aware of this issue when they filed this bankruptcy three and a half months ago and discussed it with me at the preliminary conference which followed filing and again at the hearing of October 10, 1979 on the debtors' motion to enforce the automatic stay against this plaintiff's attorney. Debtors' counsel had briefed the point then. It was his conclusion on this point that led to the filing of this Chapter XIII petition. I am convinced that there is no reason other than delay for a continuance of this hearing. Plaintiff's complaint is granted precedence over all other matters by B.R. 13–401(d). The motion for continuance is denied.

The allegations of the complaint are admitted by the debtors, except the ultimate conclusion alleged in paragraph five, which is deemed denied by the debtors.

The pertinent undisputed facts are that the plaintiff has a first mortgage lien on the debtors' home for $31,000 which became in default and was accelerated in accordance with its terms. A foreclosure proceeding prompted this bankruptcy. Debtors were then in arrears eight months on monthly payments of $293. A final decree of foreclosure, entered after bankruptcy, was vacated by the State court on plaintiff's application because of the bankruptcy and the requirements of B.R. 13–401. The debtors' plan, which was confirmed on October 24, 1979, does not purport to affect plaintiff's claim. The plan provides:

"The following secured creditor shall be paid outside the plan: Bloomfield Savings Bank assignee from Landmark First National Bank—1st Mortgage on residence—on all present and future payments due and owing."

Plaintiff has not agreed to reinstate its mortgage and has no present interest in doing so.

The debtors ask me, in effect, to compel the plaintiff to reinstate their mortgage upon their promise to pay in about six months all sums past due and to resume the stipulated monthly payments.

■ It is clear that there is no authority under Chapter XIII to include a debt secured by real property in the debtor's plan and thereby reduce the obligation. Section 606(1) of the Act (11 U.S.C. § 1006, 1007); 10 *Collier on Bankruptcy* (14th ed.) ¶¶ 22.02, 28.03. It is also clear that this court has the discretion to enjoin a secured creditor from foreclosing its lien during the pendency of a Chapter XIII case, including the life of the plan. *Hallenbeck v. Penn Mutual Life Insurance Co.*, 4 Cir., 323 F.2d 566; *Matter of Delaney*, 5 Cir. 1976, 534 F.2d 645. Since the adoption in 1973 of the Bankruptcy Rules, the injunction is automatic under B.R. 13–401, but the burden is on the debtor to show he is entitled to a continuation of the stay, therefore, the legal principles remain unchanged.

Of course, the use of the court's injunctive power could coerce a mortgagee into

acceptance of less than his mortgage agreement stipulates, but no court should use this indirect means of circumventing the explicit statutory restriction on the court's injunctive power. Therefore, the injunctive discretion is properly exercised only:

". . . where the debtor has an equity in the property or it is necessary to his performance under the plan, the creditor's security is not impaired by the stay, and the stay is conditioned [up]on appropriate provision for curing defaults and maintaining payments on the secured claim." Advisory Committee's Note, B.R. 13–401.

The evidence before me does not meet this test. The debtors now owe over $3,200 in defaulted payments together with undetermined amounts for late charges and interest as well as attorney's fees and costs on the foreclosure. The mortgage calls for monthly payments of $293. The debtors have no means of curing the default and maintaining payments other than their incomes which total $1,015 a month against expenses of $729, which leaves a net income (without any provision for emergencies or incidentals) of $286. I find, therefore, that there is no way for these debtors to make appropriate provision for curing defaults and maintaining payments on this secured claim.

The debtors' schedules value the house at $35,000 against a mortgage balance of $31,000. It is plain that the lender's security is marginal at this point, accepting the debtors' estimate, and when consideration is given to the realities of a foreclosure sale, I find that the creditor's security is already impaired and that the debtors have little or no equity in the property.

The house is not necessary to performance of the plan. A rental roof could be obtained for less than it would cost to rescue this house and, indeed, the expense of this house destroys the feasibility of the debtors' plan, which calls for monthly payments of $286 exclusive of the mortgage obligations.

It follows that plaintiff is entitled to termination of the automatic stay in order that it may proceed with lien enforcement in the State court. As is required by B.R. 921(a), a separate judgment to that effect will be entered. Costs will be taxed on motion.