**In re Robert Eligha BANKS.**

**In re George E. TOWNSEND.**

**In re Arthur J. BUSH & Judy Ann Bush, Debtor.**

**Bankruptcy Nos. 82–3222, 82–3545 and 82–3693.**

United States Bankruptcy Court, N.D. of Alabama, W.D.

Dec. 30, 1982.

---

**55.** Id.

Glenn N. Baxter, Tuscaloosa, Ala., for Transamerica Financial Service.

J. William White, Tuscaloosa, Ala., for Robert Eligha Banks.

Walter P. Crownover, Tuscaloosa, Ala., for George E. Townsend.

C. Park Barton, Jr., Tuscaloosa, Ala., for Arthur J. Bush and Judy Ann Bush.

Jane K. Dishuck, Standing Trustee.

GEORGE S. WRIGHT, Bankruptcy Judge.

The issue before the Court is whether under § 506(b) an oversecured creditor is entitled to add a $50 attorney's fee for merely filing a proof of claim.

## FINDINGS OF FACT

### ROBERT ELIGHA BANKS (BK82–3222)

### GEORGE E. TOWNSEND (BK82–3545)

### ARTHUR J. BUSH & JUDY ANN BUSH (BK82–3693)

1. These three cases are filed under Chapter 13 listing Transamerica Financial Services (hereinafter Transamerica) as a secured creditor with a mortgage only on real property that is the debtor's principal residence.[1] The plans provided for direct cur-

---

1. Prior to the enactment of § 1322(b)(2), finance companies took a security interest in a laundry list of household goods as well as a second, third or fourth mortgage on real estate. Now, the trend among nationwide finance companies is to take a mortgage *only* on the real property that is the debtor's principal residence in an attempt to come within the exception of § 1322(b)(2)—attempting to prevent the Chap-

ter 13 plan from modifying their rights. The legislative history indicates that the typical loan from a finance company was not intended to be within the exception of § 1322(b)(2).

"Section 1322(b)(2) of the House amendment represents a compromise agreement between similar provisions in the House bill and Senate amendment. Under the House amendment, the plan may modify the rights

rent mortgage payments and payment of arrearage to cure the default through the plan as follows:

| Debtor | Petition Filed | Monthly Current Payment | Arrearage |
|---|---|---|---|
| Banks | 6/1/82 | $156 | $161 |
| Townsend | 6/17/82 | – | – |
| Bush | 6/24/82 | $388 | $776 |

2. Transamerica filed a Proof of Claim claiming arrearage and a $50 attorney's fee [2] for filing the proof of claim in each case for attorney for Transamerica, Glenn N. Baxter.

3. A confirmation hearing was had and Transamerica was ordered paid a monthly amount to cure the default.

4. Jane K. Dishuck, Standing Trustee, filed a "Motion of Trustee to Examine and Reduce Claim" objecting to the claim in each case for the $50 attorney's fee. A hearing was conducted and the Court determines that in each case the debtors had equity in their homestead so that Transamerica is oversecured within the meaning

of holders of secured claims other than a claim secured by a security interest in real property that is the debtor's principal residence. It is intended that a claim secured by the debtor's principal residence may be treated with under Section 1322(b)(5) of the House amendment."
124 Cong.Rec.H. 11,106 (Sept. 28, 1978); S. 17,423 (Oct. 6, 1978). The usual FHA, VA or

of § 506(b).[3] The services performed by the attorney of merely filing a proof of claim are not required to be performed by an attorney and such type of services are not forbidden for nonlawyers.[4]

## CONCLUSIONS OF LAW

### I. THE VALIDITY AND CONSTRUCTION IS A MATTER OF STATE LAW

It is well established that in a bankruptcy proceeding the validity and construction of a clause in a note or mortgage providing for attorney's fees is a matter of state law. *Security Mortgage Company v. Powers,* 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928); *In re Morris,* 602 F.2d 826 (8th Cir.1979); *In re Atlanta Int'l Raceway, Inc.,* 513 F.2d 546, 548 (5th Cir.1975); *In re Sonoma V.,* 23 B.R. 789 (9th Cir.Bkrtcy.App. 1982); *In re Dye Master Realty, Inc.,* 15 B.R. 932, 8 B.C.D. 475 (Bkrtcy.W.D.N.C. 1981); *In re Crafty Fox Ltd.,* 5 B.R. 820, 821 (D.C.W.D.Va.1980).

other first mortgage would be treated under § 1322(b)(5) as a long-term debt. A finance company or "aluminum siding" loan should not be stretched to be within the exception of § 1322(b)(2), so as to prevent modification. Normally, a finance company loan is repayable in 24, 36 or 48 months so that they are not usually a long term debt within § 1322(b)(5).

**2.**

| Debtors | Date Proof of Claim Filed | Claim No. | Arrearage | Attorney's Fee | Total |
|---|---|---|---|---|---|
| Banks | 6/8/82 | 1 | $312 | – | $312 |
| | 7/2/82 | amended claim | $312 | $50 | $362 |
| Townsend | 7/7/82 | 8 | $1,180 | $50 | $1,230 |
| Bush | 7/7/82 | 3 | $1,552 | $50 | $1,602 |

**3.**

| Debtor | First Mortgagee | Balance-Payments | Second Mortgagee | Balance Payments | Total Indebtedness | Fair Market Value | Debtor's Equity |
|---|---|---|---|---|---|---|---|
| Banks | Colonial Mtg. Co. | 46,000± | Transamerica D. 2/5/82 | 5,766.39 60x$156 | 52,000± | 58,500 | 6,500 |
| Townsend | Engel Mtg. Co. | 30,000± | Transamerica D. 3/5/81 | 18,506.33 120x$370 | 48,000± | 59,400 | 11,000± |
| Bush | Transamerica D. 11/2/81 | 20,359.38 180x$388/mo | | | | 27,000 | 6,500± |

4. See *In re Wilder,* 22 B.R. 294, 9 B.C.D. 642 (Bkrtcy.M.D.GA.1982).

## II. ALABAMA LAW CONTROLS VALIDITY AND CONSTRUCTION

The language in the *mortgages* is limited in that attorney's fees are allowed for "advertising, selling and conveying, including such attorney's fees as are allowed by law", so that under the language of such mortgage an attorney's fee would only be allowed if there was a foreclosure sale and not for filing of a proof of claim or attendance of any hearings. Consequently, the language in the mortgages does not authorize the $50 attorney's fee in these three cases. However, the case of *Taylor v. Jones,* 290 Ala. 268, 276 So.2d 130, cert. denied, 414 U.S. 879, 94 S.Ct. 126, 38 L.Ed.2d 124 (1973), allowed the recovery of reasonable attorney's fees where the language in the *note* so authorized even though the language of the *mortgage* did not permit a recovery and, further the claim for attorney's fees became a part of the main debt.

The language in the *notes* in the three cases is substantially similar by providing that the debtor "agrees to pay reasonable attorney's fees" if referred to an attorney.

Code of Alabama, § 5–19–10 (1975) has a provision conditioning the allowance of attorney's fees:

> "With respect to an original principal amount or original amount financed not exceeding $300.00, a consumer credit contract may not provide for payment by the debtor of attorney's fees. With respect to larger amounts, the contract may provide for the payment by the debtor of reasonable attorney's fees not exceeding 15 percent of the unpaid debt <u>after default</u> and <u>referral to an attorney</u> not a salaried employee of the creditor.... A provision in violation of this section is unenforceable." (Acts 1971, No. 2052, p. 3290, § 6.) (Underlining for emphasis.)

The language in the three notes provides:

> "If the original balance of the loan exceeds Three Hundred Dollars ($300) I will pay reasonable attorney's fees, but not over fifteen percent (15%) of the unpaid balance, if you refer my account to an attorney who is not your salaried employee."

§ 5–19–10 requires two conditions: (1) "after default", and (2) "referral to an attorney", be placed in a contract before reasonable attorney's fees may be collected. The condition "after default" has been omitted from these notes, such failure makes the provision unenforceable and invalid under Alabama Law. Further, merely referring a matter to an attorney does not authorize attorney's fees because services must be necessary in order to recover under such note. *Boyd v. Jones,* 96 Ala. 305, 38 Am.St.Rep. 100, 11 So. 405 (1892); *Hamilton et al v. Burgess,* 233 Ala. 4, 170 So. 348 (1936); *Gugel v. New Orleans Nat. Bank,* 239 F. 676 (5th Cir.1917); Annot., "Right to Attorney's Fees on Enforcing Chattel Mortgages", 63 ALR 1314, 1315 (1929).

Consequently, the language in the notes under Alabama Law does not authorize the recovery of attorney's fees. See also *In re Roberts,* 20 B.R. 914, 6 C.B.C.2d 892 (Bkrtcy.E.D.N.Y.1982).

## III. ENFORCEABILITY IS MATTER OF FEDERAL BANKRUPTCY LAW

The enforceability of the claim for attorney's fees is a question of Federal Bankruptcy Law. *Security Mortgage Company v. Powers,* supra; *In re Atlanta Int'l Raceway, Inc.,* supra, at 549; *In re Dye Master Realty, Inc.,* supra. The case of *In re Delaney,* 534 F.2d 645 (5th Cir.1976), held that even though a Chapter XIII debtor incurred attorney's fees after the commencement of the case that the *enforcement* is committed to the Court's discretion.

A. DISTINCTION BETWEEN REHABILITATIVE AND LIQUIDATION CHAPTERS. The Court must look at the underlying purpose of a Chapter 13 rehabilitative proceeding. The 5th Circuit has made a distinction between rehabilitative proceedings and liquidation proceedings in *In re Atlanta Int'l Raceway, Inc.,* supra, 550:

"The Supreme Court has repeatedly stated that reorganization proceedings are sui generis, and rules appropriate in an ordinary bankruptcy may be inapplicable in a reorganization." See *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 470 n. 3, 94 S.Ct. 2504, 2507, 41 L.Ed.2d 243 (1974); *Continental Illinois Nat. Bank & T. Co. v. Chicago, etc., Co.,* 294 U.S. 648, 676, 55 S.Ct. 595, 606, 79 L.Ed. 1110 (1935).

See also *In re Delaney,* supra, which held: [5]

"To permit creditors to add further to the debtor's burden, and to in effect achieve a late preference over other creditors, would subvert the purposes of such proceedings." at 534 F.2d 647.

See also *In re Roberts,* 20 B.R. 914, 922, (Bkrtcy.E.D.N.Y.1982); *In re Burns,* 16 B.R. 757, 762 (Bkrtcy.M.D.GA.1982); *In re Caudle,* 13 B.R. 29, 7 BCD 1301 (Bkrtcy.W.D. Tenn.1981) [entitlement to interest under § 506(b)].[6]

B. THE EFFECT OF·§ 362(a) AUTOMATIC STAY ON POST-PETITION ATTORNEY'S FEES. 11 U.S.C. § 362(a) provides that the filing of a bankruptcy petition operates as a stay of:

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"

In the case of *Diversified Mortgage Investors v. LaRose,* 7 B.R. 447 (Bkrtcy.M.D. LA.1980), the Court held that a provision for attorney's fees in the real estate mort-

---

**5.** *Delaney* stated that the usual rule was that bankruptcy proceedings suspended the rights and obligations between the debtor and his creditors but the Court went on to establish an exception to the rule for a creditor whose debt is secured by real property in Chapter XIII Proceedings because under Chapter XIII the real property creditor received no notice, does not approve or disapprove of the plan and receives no payments. However, Chapter 13 of the 1978 Code provides fully for a real estate mortgagee of the debtor. See § 1301 et seq. Thus, the rationale underlying this exception has been eliminated so that the usual rule as set out in *Delaney* should apply in Code Chapter 13 Proceedings.

**6.** The court notes that a literal application of § 506(b) and § 103(a) of the Code would require an award of interest or attorney's fees to an oversecured creditor in both rehabilitative and liquidation bankruptcy cases. However, such a literal and technical application of these sections in a Chapter 13 case overlooks the essential rehabilitative purpose underlying a Chapter 13 proceeding. Such an application of these sections to a rehabilitative case would be inconsistent with and overrule the Supreme Court's decision in *Security Mortgage Co. v. Powers,* 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928). Notwithstanding some language appearing in the legislative history of 506(b), this court feels that such a result was not intended by Congress. Nevertheless, several cases have apparently made such a literal application of § 506(b) and allowed attorney's fees in rehabilitative bankruptcy cases. See *In re Brooks,* 24 B.R. 447 (Bkrtcy.D.Kan.1982); *In re Belanger,* No. 82C1052, 31 B.R. 571 (D.C.N.D.Ill.1982); *In re Marino,* 23 B.R. 321, 7 CBC 2d 182 (Bkrtcy.W.D.Mich.1982); *In re Carey,* 8 B.R. 1000, 7 BCD 310 (Bkrtcy.S.D.Cal.1981); *In re Hart Ski Mfg. Co., Inc.,* 9 B.R. 397 (Bkrtcy.D. Minn.1981); *In re Cipriano,* 8 B.R. 697 (Bkrtcy. D.R.I.1981); *In re Oak Glen R-Vee,* 8 B.R. 213, 7 BCD 138 (Bkrtcy.C.D.Cal.1981); *In re Smith,* 4 B.R. 12, 6 BCD 424, 2 CBC 2d 77 (Bkrtcy.E.D. N.Y.1980).

gage could not be enforced in a bankruptcy proceeding, which superseded an aborted arrangement proceeding under Chapter XI of the Bankruptcy Act of 1898. The note accompanying the mortgage provided that the mortgagor would pay 25% additional on the amount of both principal and interest if the note was "placed into the hands of an attorney or sued upon." In denying the post-petition attorney's fees the Court emphasized the automatic stay created by Rules 401 and 601 of the Bankruptcy Rules of Procedure. The Court reasoned:

"It is our conclusion that whatever legal services may have been sought by and rendered to Campbell after the commencement of the arrangement/bankruptcy proceeding were not within the purview of the stipulation, because the circumstances which might have created an absolute (as distinguished from conditional) obligation to pay attorney's fees were by law automatically prohibited from happening.

The automatic stay invoked by the institution of the proceeding barred any collection effort by Campbell; and his subsequent placement of the note in the hands of the attorneys was completely ineffectual and futile insofar as it purported to have caused the debtor's provisional obligation for the payment of attorney's fees to mature."

■ Similarly, the "referral" of the notes and mortgages in the cases at bar occurred after petition and thus the automatic stay prevented maturity of the debtors' obligation for payment of attorney's fees. Furthermore, it appears to be incongruous to allow attorney's fees to a secured party to perform services for which the automatic stay specifically enjoins such creditor from performing—the creditor cannot foreclose, so that any efforts expended toward foreclosure should not be paid for by an already overburdened debtor.

■ C. THE ATTORNEY'S FEES MUST BE REASONABLE. In each of

these cases Transamerica's claim for attorney's fees is based on services performed in preparing and filing a proof of claim (plus an amended proof of claim for attorney's fees) and for attending the confirmation hearing and reporting the results thereof to the Transamerica office personnel.[7] A contract provision providing for attorney's fees should only be enforceable "to the extent that it is shown that the creditor has been damaged by having to pay, or assume the payment of attorney's fees or other collection expenses." Annot., 17 ALR 2d 288 § 8 at 298 (1951). The work performed here did not require any special legal training nor did it involve the practice of law. Creditors routinely file proofs of claims and attend confirmation hearings without the assistance of an attorney. In a recent bankruptcy case within the Middle District of Georgia the court dealt with a claim for attorney's fees pursuant to a Georgia statute. In denying the attorney's fees the court determined: "Fulton Federal's attorneys searched the title to Debtor's residence, wrote the acceleration letter, and placed the foreclosure sale advertisement in the newspaper. The nonlawyer is not prohibited from performing any of those tasks; the tasks are not exclusive to attorneys." *In re Wilder,* 22 B.R. 294, 9 B.C.D. 642, 645 (Bkrtcy.M.D.GA.1982). See also *In re Cipriano,* 8 B.R. 697 (Bkrtcy.D.R.I.1981) (attorney fees for execution and filing of proof of claim held not recoverable). It is both unnecessary and unreasonable to charge a Chapter 13 debtor with attorney's fees for the performance of non-legal services when for the performance of the same services a nonlawyer could not charge or collect such fees.

■ In determining reasonable attorney's fees within the 5th Circuit and now 11th Circuit the three step process enunciated in *In re Golf Corp.,* 639 F.2d 1197 (5th Cir. 1981), must be followed. This procedure includes the consideration of the twelve factors as enumerated in *Johnson v. Georgia*

---

**7.** See *In re Elmwood Farm, Inc.,* 19 B.R. 338 (Bkrtcy.S.D.NY.1982), which disallowed attorney's fees where inordinate amounts of time were charged to research, review and conferences with clients.

*Highway Express,* 488 F.2d 714, 717–719 (5th Cir.1979). See *In re First Colonial Corp. of America,* 544 F.2d 1291, 1298 (5th Cir.1977), cert. denied, 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); *In re Scarboro,* 13 B.R. 439 (D.C.M.D.GA.1981). First step, the nature and extent of the services supplied by the attorney shows Bush at 1.75 hours, Banks at 2.25 hours and Townsend at 1.75 hours and Banks, Bush' and Townsend combined for 3.25 hours. The court finds that an inordinate amount of time was spent in research, review and conferences with client. See *In re Elmwood Farm, Inc.,* supra, note 7. Second, the Court finds that the services could have been performed by a layman and were not services required to be performed by an attorney. Thirdly, the Court considers the twelve Johnson factors as follows:

1. *Time and labor required.* The Court determines that the services were not required.

2. *The novelty and difficulty of the questions.* The Court finds that the questions were neither novel or difficult but could have been performed by a layman.

3. *The skill requisite to perform the legal service properly.* The Court finds that no legal skill was required to perform these services.

4. *The preclusion of other employment by the attorney due to acceptance of the case.* The Court concludes that there was no preclusion of other employment.

5. *The customary fee.* There is no customary fee for such services.

6. *Whether the fee is fixed or contingent.* The Court finds the fee is fixed rather than contingent.

7. *Time limitations imposed by the client or other circumstances.* There is no special time limit required.

8. *The amount involved and the results obtained.* A proof of claim was filed for the amount of the mortgage.

9. *The experience, reputation, and ability of the attorney.* The attorney's experience, reputation and ability are high.

10. *The undesirability of the case.* The case is not undesirable.

11. *The nature and length of the professional relationship with the client.* No evidence was introduced as to this factor.

12. *Awards in similar cases.* No awards in similar cases have been made.

## IV. CONCLUSION

The Court is of the opinion and the Court so finds that the services were not reasonable and not necessary, so that no recovery should be had for attorney's fees in these three cases.

This shall constitute the findings of fact and conclusions of law pursuant to Rule 752 of the Rules of Bankruptcy Procedure. A separate order will be entered consistent with this opinion.