**In the Matter of Green DuPREE, Jr., Angela DuPree, Debtors.**

**No. 1–80–00638.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Sept. 15, 1980.

Wayne F. Wilke, Cincinnati, Ohio, for debtors.

Cortland E. Marshall, Cincinnati, Ohio, for creditor Associates Financial Corp.

Norman L. Slutsky, Cincinnati, Ohio, for creditor Avco Financial Corp.

LEONARD C. GARTNER, Bankruptcy Judge.

At Cincinnati, Ohio in said District on the 15th day of September, 1980

The amended plan (attached) of the above named Debtor, under 11 U.S.C. 1301 et seq., submitted by him on the 17th day of July, 1980, is in good faith and in accord with 11 U.S.C. 1325, with the following modification:

| Creditor | Monthly Payment | Amount |
|---|---|---|
| Avco Financial | $30.00 | $1225.00 |
| Associates Finance Co. (arrearage account) | $44.00 until current | |

$1000.00 in hand to be turned over to trustee by debtor

### COMMENT

In memoranda filed by creditor Associates takes the position that this court cannot confirm the amended modified plan because it is not in conformity with 11 U.S.C. 1322(b)(2) in that it attempts to alter the monthly payment to it even though it has security on residential real estate. However, it also had security on other personal property (auto).

11 U.S.C. 1322(b)(2) reads:

"(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims."

Quo vadis? To what does the word "only" attach.

A reading of the "Legislative History" of the section of the Code lends no light as to the intent of Congress. And so the question remains—if the creditor has security in addition to that on residential real estate, is the prohibition in 1322(b)(2) excluded.

With knowledge of the overall intent of Chapter 13 to afford debtor relief, the Court travels in that direction.

■ Creditor Associates further objects to confirmation by virtue of 11 U.S.C. 1322(b)(5) which reads:

"(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."

Associates urges that the curing of the default of its mortgage, as submitted in the plan, would occur after the deadline payment date in the creditors security instrument, and consequently is beyond the purview of 1322(b)(5).

Again, the Legislative History is of no assistance. While 1322(b)(5) states what can be incorporated in a plan regarding "a secured claim on which the last payment is due after the date on which the final payment under the plan is due," it doesn't cover a situation in which the final payment of the arrearage is due after the final payment in the security instrument. Is this condition, then, exclusionary.

Bear in mind 11 U.S.C. 1322(b) pertains to what a plan may provide.

It is a simple matter in this case to conform strictly to 11 U.S.C. 1322(b)(5) by pro-viding monthly payment of $44.00 up to thirty days prior to the deadline of the mortgage and then "ballooning the last payment."

Again the Court will consider the overall intent of Chapter 13 and ride with the debtor.

See 1322(b)(10) which provides:

"(10) include any other appropriate provision not inconsistent with this title.

## END OF COMMENT

IT IS ORDERED that Arthur C. Elliott, 26 E. Sixth Street, Room 306, Cincinnati, Ohio 45202, Trustee is to receive and disburse all funds to be paid under the plan, subject to the control of the Court, and that he and his sureties are held and bound by the general order made and entered by this Court, and the bond issued in pursuance thereof.

IT IS FURTHER ORDERED that the debtor make voluntary payments to the trustee in the amount of   $300.00   a month.

This process to continue until further Order of this Court.

IT IS FURTHER ORDERED that the attorney for the Debtor herein be allowed and paid a fee by the Trustee, in accord with local custom.

IT IS FURTHER ORDERED that the Trustee herein deposit all funds that come under his control in a duly designated depository bank of this Court and that he furnish to the Court all reports, records and other information required by him to be made under the order of this Court.

CREDITORS ARE HEREBY ENJOINED AND STAYED from the commencement or continuation of any suit in any Court against the Debtor or from in any manner interfering with the Debtor in the possession and management of his property until further order of this Court.

**UNITED STATES BANKRUPTCY COURT**

FOR THE Southern ~~FILED~~ DISTRICT OF Ohio

~~Western~~ DIVISION

IN RE:

Green DuPree, Jr.
Debtor

JUL 17 4 35 PM '80 CASE NO. 1-80-00638

Angela DuPree
Debtor

ARNOLD H. HALECH
CLERK OF
THE BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO

AMENDED · PLAN

DOCKETED

## DEBTOR'S PLAN & APPLICATION TO CONFIRM

1. The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor (or the debtor's employer) shall pay to the trustee the sum of **300.** monthly, and further, debtor specifically reserves the right to seek relief under other chapters of the Bankruptcy Code on the debts listed herein.

2. The debts of the debtor, duly proved and allowed, shall be paid to the holder thereof in accordance with the provisions of the Bankruptcy Code and this Plan. Secured creditors who have been duly scheduled as creditors in the Plan shall upon payment of the amount allowed by the Court as a secured claim in the Wage Earner Plan, be deemed to have their full secured interest satisfied and shall cancel any mortgage on debtor's property which was in existence at the time of the filing of the Plan or the Court may order cancellation of same. Creditors who have co-signers, co-makers, or guarantors, from whom they are enjoined from collection under 11 USC 1301, and which co-signers, co-makers or guarantors are not also in a Wage Earner proceeding, are separately classified and shall file their claim, including all the contractual interest that is due or which will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the debtor and any co-signer, co-maker or guarantor. Secured creditors shall retain their security interest in their collateral until the amount of their allowed secured claim has been fully paid.

3. All priority creditors under 11 USC 507 shall be paid in full in deferred cash payments.

4. From the payments received under the Plan, the trustee shall make disbursements as follows:
   a. The priority payments required by Rule 13-309(a).
   b. After the above payments, holders of secured claims shall be paid as follows, provided that such priorities may be amended by the court at or after the confirmation hearing, and that holders of secured claims will be given priority as set forth herein over holders of unsecured claims. Secured claims shall be paid simple interest (direct reducing) on the amount of their allowed secured claim in an amount specified under 26 USC 6621. This interest shall be paid as a part of payments shown as the monthly payment below.

| | Creditor | Monthly Payment | Proposed Amount of Allowed Secured Claim |
|---|---|---|---|
| 1. | Associates Finance Co. (2nd mort & auto) | 188.00 | full security |
| 2. | Associates Finance Co. (stereo) | 8.00 | 100.00 |
| 3. | | | |
| 4. | | | |
| 5. | | | |

   c. Any claim for fees, costs, or other charges shall be made by the creditor by application to the Court therefor to determine whether such fees, costs or charges meet the test as reasonable as required in section 11 USC 506(b).
   d. The unsecured debts shall be dealt with generally and paid **100** cents on the dollar and paid pro rata, with no interest if the creditor has no co-obligor, and is not classified as set forth in paragraph 2, provided that where the amount or balance of any unsecured debt is less than $10.00 it may be paid in full.
   e. Creditors who will be paid directly by the debtor and not through the Trustee are: (Debtor reserves the right to amend and pay these creditors through his wage earner plan upon application to the court.)

   Eagle Savings Assoc.
   ~~City of Cincinnati Income Tax Bureau~~

5. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **will be paid direct by debtors**
   Name of Employer

6. (If applicable) Executory contracts of the debtor are rejected as indicated on the Statement of Executory Contracts.

7. The Court may, at the confirmation hearing or from time to time during the operation of the Plan, increase or decrease the amount of payments provided herein or to be paid by the debtor or to be paid as a priority payment to any creditor, or may extend or reduce the time for such payments after such hearing and upon such notice as the Court may designate, if it appears that the circumstances of the debtor so require.

8. Debtor reserves the right to add after acquired creditors deemed appropriate by the Court, to his Wage Earner Plan with the permission of the Court. Post petition claims which are allowed and upon which creditors file a claim herein shall be paid the same percentage as prepetition claims, which shall represent payment in full to the creditor, unless the Court orders otherwise. The amount of any secured creditor's allowed secured claim shall be that amount set forth in the plan as the "Proposed Amount of Allowed Secured Claim" unless the Court, prior to confirmation, shall order otherwise.

10. The confirmation of the plan shall constitute a finding by the Court that there is good cause to extend the payout of the plan beyond 3 years, if the Plan calls for an extension beyond that period.

11. Any notices to the debtor, attorney for the debtor, creditors, attorneys for creditors, or to any other person requiring notice for any reason of hearings or proceedings under this Plan, shall be made by regular mail.

12. The debtor further represents that he is able to carry out this Plan.

13. Title to the debtor's property shall revest in the debtor on confirmation of a Plan (or upon dismissal of the case after confirmation pursuant to Rule 13-215 or upon closing of the case pursuant to Bankruptcy Rule 514).

14. Debtor may, with court approval, remove or add any creditor to this proceeding.

15. Confirmation of this plan by the court shall also constitute a finding by the Court that the plan was filed by the debtor in good faith and is the debtor's best effort.

16. Debtor proposes to cure defaults to the following creditors by payment of the following monthly payments to the Trustee:

| | Creditor | Monthly Payment | Amount of Default to be Cured |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

Any default of the debtor which is not proposed to be cured as set forth herein is deemed waived by the confirmation of this Plan.

17. This plan is estimated to be for **48** months.

18.

copy sent to:
Chap 13
Assoc Finance

Dated: **7/16/80**

Debtor(s) _Green DuPree Jr._  X
Debtor

_Angela DuPree_  X
Debtor

R & D Loans
1002 Schmidt Bldg.,