**In re WAUGH.**

**MEANS v. FALETTI et al.**
No. 6336.

Circuit Court of Appeals, Seventh Circuit.
March 11, 1938.

SPARKS, Circuit Judge, dissenting.

John H. Armstrong, of Ottawa, Ill., for appellant.

Michael Gesas and H. J. Lurie, both of Chicago, Ill., and D. J. Campeggio, of La Salle, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

Appellant challenges the order of the District Court confirming the report of the referee on the trustee's final report allowing trustee's commissions and expenses, and fees to the trustee's attorney, the bankrupt's attorney and to attorneys for certain note holders whose notes were secured by a trust deed upon real estate sold in the bankruptcy proceedings free and clear of liens.

Elizabeth Waugh died testate March 28, 1932. Her will was admitted to probate in the appropriate county, and appellant was appointed as executrix of her estate, which consisted of a farm and two city properties. There was an $18,000 mortgage on the farm secured by a trust deed. Efforts were made to refinance this mortgage, without success, because of the uncertain-

ty as to certain provisions of the will. On January 7, 1935, holders of three notes secured by the trust deed, by their attorneys, Perona and Campeggio, filed a complaint in the state court to foreclose the mortgage. The heirs, devisees, and other holders of notes secured by the trust deed were made defendants. The mortgage contained the usual provision wherein the grantor agreed to pay all expenses and disbursements occasioned by any suit or proceeding wherein the grantee or the holder of any note was made a party, and making the same an additional lien upon the mortgage property. January 22, 1935, appellant filed her petition in the District Court under section 74, of the Bankruptcy Act, as amended, 11 U.S.C.A. § 202, for relief therein provided. Three days later the court approved the same as properly filed and the matter was referred to the referee in bankruptcy for further proceedings in accordance with said act. February 8, 1935, a motion was made in said proceeding by the same note holders who had instituted the foreclosure proceeding and by the same attorneys for a dismissal of such petition, which was denied. Further proceedings were had until May 1, 1935, when the note holders heretofore referred to, by the same attorneys, and other note holders by other attorneys, filed objections to the proposal for composition which were sustained by the referee. October 25, 1935, an order was entered by the District Court adjudging the estate to be bankrupt and again referring the matter to the referee. November 9, 1935, M. J. Faletti, one of the appellees, was appointed trustee. A few days later, a petition was filed by him requesting the appointment of appellee, Campeggio, as his attorney. It was alleged in said petition "that the condition of the estate of said bankrupt is such that it will be necessary for this trustee to employ legal advice and to have an attorney to represent him as such trustee, and to perform the necessary legal services in connection with the proper administration of the estate." Attached to the petition was the affidavit of Campeggio in which it is stated: "Affiant further states that he is not employed nor connected with said bankrupt or any person having an interest adverse to said trustee, nor any of the creditors of said bankrupt." On March 13, 1936, the trustee obtained an order authorizing the sale of the farm free and clear of incumbrance, which order provided that all liens upon said land should be transferred to the proceeds of the sale. The land sold for an amount in excess of all claims against the estate in the sum of $10,758.92 exclusive of the claims here in controversy. The trustee filed a report of receipts and disbursements in which was recommended the allowance of fees and commissions to parties, all of whom are appellees herein. Appellee Hoberg was attorney for appellant from the time the proceedings were instituted in the probate court until the order of sale was entered in the District Court. We are unable to determine from the record just when his services were dispensed with, but it does appear that about that time appellant's present counsel appeared for the first time as her representative.

■ Appellant filed objections to the report of the trustee challenging in toto all fees and commissions recommended for the trustee, his attorney, the attorney for the bankrupt and the attorneys for note holders. Many objections were raised, too numerous to be here set forth in detail. The substance of the objection as to the commissions of the trustee and the fees for the trustee's attorney, is a failure to comply with General Bankruptcy Order 44, 11 U.S.C.A. following section 53, and Rule 8 of the District Court. We think it is fair to conclude that the principal objection, at any rate, the most serious one, is that Campeggio was disqualified to act as attorney for the trustee on account of his relations with appellee Perona. The latter represented certain note holders and was allowed a fee as such. As stated, the mortgage foreclosure in the State Court and certain other papers filed in the early stages of the proceedings were signed by Perona and Campeggio. On its face, it would appear that they were partners in the practice of law, and if so, this, of course, would disqualify either of them from acting as attorney for the trustee. Upon an examination of the record, however, it appears they were not partners and never had been. Perona practiced law in one city and Campeggio in another. The name of Perona and Campeggio was used as a matter of business convenience and they both testified unequivocally that they were not partners in any sense of that term; that there was no division of fees and that neither of them had any interest in the business or affairs of the other. The creditors who instituted the mortgage foreclosure were clients of Perona; had never seen or talked to Campeggio and he had no rela-

tion with such clients. He had no knowledge his name had been used by Perona as heretofore related until long after his appointment as attorney for the trustee.

Both the referee and the District Court evidently concluded, as a matter of fact, that the relation complained of did not exist, and we find no reason to disagree. Cases cited by appellant which seem to hold to the contrary are not in point, as the attorney in question in those cases admittedly represented some party in the bankruptcy proceeding which brought him clearly within the inhibition contained in General Bankruptcy Order 44. Consequently, it was held that he was not entitled to compensation as attorney for such trustee.

■ Complaint is also made that the claim for services presented by trustee's attorney was not properly itemized and contained items not chargeable against the estate. Inasmuch as the fees for such attorney were reduced by the referee from $3,000 to $2,000, we assume that any items not properly charged against the estate were taken into consideration by the referee in allowing the reduced fee.

■ Objection is made to the trustee's claim for commission on the grounds that he failed to disclose in his petition for the appointment of Campeggio as his attorney that the latter was connected with the firm of Perona and Campeggio who represented certain creditors. This is the same situation we have discussed with reference to Campeggio's claim. Having concluded that Campeggio's employment was not improper, it naturally follows the criticism directed at the trustee must fail.

■ Objection is made to the claim of appellee, Hoberg, for services rendered as attorney for the estate. It is urged that his claim improperly includes services rendered in the probate court and in the proceedings under section 74. It was incumbent upon appellant, before she could seek the benefit provided by section 74 to qualify in the probate court and first obtain the consent and authority of that court. When she filed her petition under section 74, she undoubtedly was under the control and jurisdiction of the Bankruptcy Court. We know of no reason why her attorney should not be compensated for services rendered in the proceedings under section 74, the same as for services rendered after adjudication in bankruptcy. Here also, the claim was reduced by the referee from $1,500 to $1,200, and we assume that compensation for any services improperly rendered was disallowed by the referee.

■ The claims of appellees Perona, Massieon, and Scanlon, as attorneys for certain note holders, were objected to for the reason that they were filed by the attorneys separately from the claims made by holders of such notes. All the notes in question were secured by the mortgage. It is not contended, as we understand, but what the attorney fees might properly have been allowed if they had been included in and made a part of such note claims. Each of these claims showed on its face that it was a part of the indebtedness secured by the trust deed. The attorney for appellant, after consulting with her, agreed that such claims might be filed separately. While such agreement may not be binding, yet it places her in a rather unenviable situation. Especially is this true in view of the fact that the estate is solvent and that there will be a balance to be paid to her as the representative of the estate. It is clearly the understanding of all the interested parties that these particular claims should be handled in this manner. The original mortgagor contracted to compensate for such services and made the same a lien upon the mortgage property; the District Court in its decree for sale transferred such lien to the proceeds of the sale. It would, in our judgment, be inequitable to disallow the same on such a technical objection. We conclude the District Court properly overruled appellant's objections and each of them to the referee's report and in approving and confirming said report.

Order affirmed.

SPARKS, Circuit Judge, dissents.