In re Marie L. CIPRIANO, Debtor.

Bankruptcy No. 80–00361.

United States Bankruptcy Court,
D. Rhode Island.

Feb. 11, 1981.

Pasco F. Loffredo, Cranston, R.I., for debtor.

Charles N. Redihan, Taft, McSally & McKenna, Providence, R.I., for creditor.

John Boyajian, Boyajian & Coleman, Providence, R.I., trustee.

DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on October 2, 1980 on the debtor's Motion for Denial of Attorney's Fees, and on the creditor's objection thereto. This controversy involves a provision of an installment sales contract executed by the debtor and assigned to General Motors Acceptance Corporation (GMAC).

On May 7, 1980 the debtor filed a Chapter 13 petition, and subsequently, at the request of the Trustee, a valuation hearing was held concerning the scheduled value of the debtor's automobile, which is the security under the contract in question. GMAC opposed and successfully defended against the Trustee's and the debtor's contentions as to the value of the vehicle, and on August 22, GMAC sent a letter to the debtor requesting reimbursement for legal fees incurred in connection with the valuation hearing. Simultaneously, GMAC deferred payment of said fees until 1983, at which time debtor is scheduled to make the final installment payment on her account. In response, the debtor moved for denial of attorney's fees, which is the subject of this decision.

Regarding attorney's fees, the pertinent clause in the installment sales contract reads: "The buyer agrees, in the event this contract is placed in the hands of an attor-

ney for collection to pay reasonable (sic) attorney's fees."

The legal services rendered by GMAC involve the filing of a proof of claim, and representation in connection with the valuation hearing. It is the contention of GMAC that these services were necessary in order to protect and to collect the sum due it and, as such, are the type of services intended by the parties to be compensable.

The debtor's argument is twofold—(1) the services rendered to GMAC do not fall within the scope of "collection" and (2) to permit GMAC to collect attorney's fees from the debtor would be tantamount to penalizing the bankrupt for filing a Chapter 13 petition, and would contravene the spirit of the Bankruptcy Code.

Argument (2) is without merit and does not require discussion.

The principal issue before this Court is whether the legal services provided by the attorneys for GMAC are included within the term "collection" as used in the installment sales contract.

■ It is well settled that in a bankruptcy proceeding the enforceability of a clause in a note providing for attorney's fees is a matter of state law. *See Security Mortgage Co. v. Powers*, 278 U.S. 149, 49 S.Ct. 84, 72 L.Ed. 730 (1928); *In re Atlanta International Raceway, Inc.*, 513 F.2d 546, 548 (1975); *Matter of Delaney*, 534 F.2d 645 (1976). Rhode Island law provides that creditors and debtors may contract that the debtor shall be responsible for reasonable attorney's fees incurred in the collection of a debt. *Washington Trust Co. v. Fatone*, 106 R.I. 168, 256 A.2d 490 (1969). Rhode Island law is also clear regarding the standard to be used in interpreting the words of a contract. In *Armfield v. McClure, Inc.*, 77 R.I. 390, 394, 75 A.2d 196 (1950) the court held that:

a contract, especially in writing, is to be construed in accordance with the ordinary meaning of the language used in order to ascertain the intention of the parties at the time the instrument was executed. If such intention is reasonable and law-

ful, the contract will be enforced as thus construed.

■ Also, in construing a written contract, the words are to be taken in their ordinary and popular sense. *Flanagan v. Kelly's Systems of New England*, 109 R.I. 388, 286 A.2d 249 (1972) and cases cited therein.

Black's Law Dictionary 238 (5th ed. 1979) defines the verb "collect" as follows, "To receive payment. To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or a legal proceeding." The services rendered to GMAC in the instant case involve the filing of a claim, and defending a challenge to the same before this court. As a result of the legal services performed by its attorneys, GMAC is entitled to recover a greater amount of its claim than it would have, had it acquiesced in the trustee's proposed valuation, or had it been unsuccessful in opposing the same. The legal action undertaken by GMAC was required to protect the sum of $5,947.60 owed to it by the debtor, and as such falls within the general meaning of the term "collection." Collection provisions are included in contracts to cover the contingency of default, and the purpose is to indemnify the seller or assignee against the legal expense of collection. In regard to much provision, the Rhode Island Supreme Court has stated:

When the parties enter into such a contract, they contemplate that when the debt matures, the creditor will receive what he bargained for undiminished by expenses which he was forced to incur by debtor's default.

*Washington Trust Co., supra* 106 R.I. at 174–175, 256 A.2d 490.

■ It is the opinion of this court that the language of the collection provision and the ordinary meaning and usage of the term "collection" is broad enough to cover the circumstances of this case.

■ With respect to GMAC's request for reimbursement in the amount of $450, the court deems it excessive as to the debtor's liability under the contract. At the court's

request, attorneys for GMAC recently filed an itemized statement which indicates a total expenditure of six hours at the rate of $75 per hour. The hourly rate charged is reasonable; however, included in the statement appears the item "Drafting of Proof of Claim". I consider the time spent to prepare, execute and file a proof of claim to be non-compensable in the context of this proceeding, and conclude that the reasonable value of the services to which GMAC is entitled *from the debtor* is $350.

SUBMIT JUDGMENT ON NOTICE.