**In re Agostino CAFARO, Marie Ann Cafaro, Debtors.**

**Bankruptcy No. 8200823.**

United States Bankruptcy Court, D. Rhode Island.

June 17, 1983.

On Motion for Reconsideration, Sept. 19, 1983.

ORDER ON TRUSTEE'S OBJECTION TO MOTION FOR ATTORNEYS' FEES FILED BY COUNSEL FOR SECURED CREDITOR

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The applicant, counsel for Household Finance Corporation (HFC), filed a Motion for Award of Attorneys' Fees and Expenses, seeking $750 in attorneys' fees and $80 in advertising costs incurred during foreclosure proceedings. The debtors object on

the ground that such fees are not "reasonable fees, costs, or charges" under 11 U.S.C. § 506(b). At the hearing the trustee also objected on the ground that under regulations in effect at the time that the debtors entered into a secondary mortgage loan agreement with HFC, the statutory maximum for attorneys' fees in foreclosure actions was $75.00.

HFC's memorandum in support of its motion states that "a copy of the schedule listing permissible foreclosure expenses" is attached. Such a schedule is indeed attached, but it is not a copy of the one signed by the debtors, nor does it contain the same provisions as the schedule to which the debtors affixed their signatures. Instead of the schedule providing for "[a]ctual attorney's fees not exceeding $75.00," the applicant submitted an unsigned, updated schedule which now provides for "actual attorney's fees not to exceed $750," with an additional provision allowing a maximum of $1000 in some circumstances.

If it were not for the trustee's objection pointing out that the applicant had submitted a form with provisions which were not in effect at the time of the debtors' execution of various documents on October 10, 1980, it is quite likely that the ten-fold increase in the allowable attorneys' fees would not have reached the Court's attention. Only after the trustee had raised this point did HFC submit a supplemental memorandum arguing that the new statutory maximum fees should apply retroactively. The Court cautions counsel for HFC to provide all pertinent facts in the future. Justice is ill served by such a highly selective, even deceptive, representation of the law and facts.

Although the debtors signed a mortgage deed providing for "foreclosure expenses as permitted by law," they also signed on the same date a form entitled "Secondary Mortgage Loans—Maximum Service Charges," which provides that attorneys' fees for foreclosure expenses incurred pursuant to R.I. Gen.Laws § 19–25.2–1 et seq. shall not exceed $75.00.

Although it appears probable that the statement signed by the debtors restricting attorneys' fees to no more than $75.00 controls over a subsequent amendment to the Secondary Mortgage Loan Law, and thus prevents retroactive application of the amendment, the question need not be decided in this case. Similarly, we need not decide whether a fee of $750.00 for five hours of legal work (at the time the motion for attorneys' fees was filed) is "reasonable" pursuant to 11 U.S.C. § 506(b). The fee application in question is sufficiently slipshod and misleading to justify an award of no more than $75.00 plus expenses.

Accordingly, it is ORDERED that the applicant be awarded attorneys' fees of $75.00, plus $80.00 in expenses for advertisement of the mortgagee's sale.

### DECISION ON MOTION FOR RECONSIDERATION

Counsel for Household Finance Corp. (HFC) has filed a Motion for Reconsideration of a June 17, 1983 order awarding a $75 attorneys' fee and $80 in expenses to HFC's counsel. After review of (1) HFC's motion for award of attorneys' fees and expenses, and memorandum in support thereof, (2) the transcript of the March 15, 1983 hearing on HFC's application, and (3) HFC's Motion for Reconsideration and memorandum in support thereof, the Motion for Reconsideration is granted. Following are the findings and conclusions of the Court upon reconsideration.

Counsel for HFC contends that the record does not support the Court's findings that counsel for HFC "made a highly selective, even deceptive, representation of the law and facts and that HFC's fee application was slipshod and misleading." Memorandum in Support of Motion for Reconsideration at 1. The Court made these findings based primarily on the applicant's statement in the Memorandum of Law in Support of Motion for Award of Attorneys' Fee and Expenses that "a copy of the schedule listing permissible foreclosure expenses" (pursuant to R.I.Gen.Laws § 19–25.2–1 et seq.) was attached. The Court noted in its June 17 decision:

Such a schedule is indeed attached, but it is not a copy of the one signed by the debtors, nor does it contain the same provisions as the schedule to which the debtors affixed their signatures. Instead of the schedule providing for "[a]ctual attorney's fees not exceeding $75.00," the applicant submitted an unsigned, updated schedule which now provides for "actual attorney's fees not to exceed $750," with an additional provision allowing a maximum of $1000 in some circumstances. The applicant does not comment upon this finding[1] in the motion for reconsideration, nor does he address his failure to discuss the changed fee schedules in his original memorandum.

HFC's attorney specifically objects to the Court's finding in the June 17 decision that

[i]f it were not for the trustee's objection pointing out that the applicant had submitted a form with provisions which were not in effect at the time of the debtors' execution of various documents on October 10, 1980, it is quite likely that the ten-fold increase in the allowable attorneys' fees would not have reached the Court's attention.

Counsel for HFC points out that before the trustee raised any objection, he made the following statement at the March 15 hearing:

In support of my motion for awarding of attorney's fees, I have appended to memorandum, a regulation promulgated by the Rhode Island [D]irector of Business Regulation. The form is dated as revised in the eleventh month of 1981, which allows foreclosure expenses including actual attorney's fees not to exceed $750. . . .

Transcript at 2. The applicant then concludes that "[c]ounsel thus did reveal that

the form was not in effect on October 10, 1980." (Memorandum in Support of Motion for Reconsideration at 1.) At the point in the hearing when the applicant made this statement, there had been no reference to the October 10, 1980 date on which the debtors signed various documents. Counsel's reference to a form "dated as revised in the eleventh month of 1981" was hardly sufficient, at least by my standards, to "reveal that the form was not in effect" when the debtors affixed their signatures to an earlier version of the fee schedule which provided for a maximum of $75.00 in attorney's fees. This statement by HFC's counsel apparently also failed to alert the debtors' attorney that a drastically revised fee schedule was now in effect, since he continued to oppose the application solely on the ground that a $750 fee was excessive for the time and effort spent on the case.

Prior to the trustee's objection on the ground that HFC's attorneys were applying a fee schedule retroactively, counsel for HFC did state that he was "here to get an idea of what your position on this is in the future" (transcript at 2) and that he was "here for an advisory opinion" (transcript at 4). It thus appears possible that HFC's counsel attempted, but unsuccessfully,[2] to inform the Court that the fee schedule had been revised, and that the Court's position on retroactively applying a new fee schedule was being sought. Granting that this may have been the intent of HFC's counsel, the Court, upon reconsideration, will withdraw its characterization of the fee application in question as intentionally deceptive. It remains at least unintentionally misleading, however, and the Court does not alter its opinion or finding that it was the trustee, not counsel for HFC, who called to the Court's attention the fact that the debtors signed a fee schedule substantially different from that used by HFC in its memorandum.

1. This finding obviously weighed heavily in the Court's choice of words to describe the memorandum, which was being viewed unfavorably, to say the least.

2. A review of the transcript of the March 15 hearing indicates that the Court was unaware of HFC's attempt to apply a revised fee schedule retroactively until the trustee argued to the Court that the applicable regulations had been

revised after the debtors' loan agreement with HFC. The trustee stated, with respect to the revised fee schedule, "I don't think that it should be applied to the loan retroactively." (Transcript at 5.) Counsel for HFC then took the opposite position, and the Court commented, "I guess this [is] a new issue." (Transcript at 6.)

The Court remains puzzled by HFC's apparent argument that it properly ignored the issue of retroactivity until the Court requested a memorandum on the subject. (Memorandum in Support of Motion for Reconsideration at 2). Counsel quotes portions of the transcript of the March 15 hearing and concludes that "[t]he Court was thus considering the question of retroactivity at the hearing. . . ." *Id.* What HFC's attorney continues to overlook is that the Court was not aware of this issue until the trustee raised it. Only *after* the trustee argued that the revised fee schedule should not be applied retroactively did HFC advance its argument that "the rate applied should be the one at the time it was necessary to institute foreclosure proceedings." (Transcript at 6). Reason dictates that if counsel's intent was to contend that a revised fee schedule should be applied retroactively, this should have been the original thrust of his memorandum and argument.

Furthermore, the transcript of the March 15 hearing does not support the assertion by counsel that he revealed to the Court that the schedule appended to his fee application provided for fees which were not in effect in October 1980. (Memorandum in Support of Motion for Reconsideration at 1.) Finally, counsel does not even address the question why the original fee application and memorandum contained no reference to a revised fee schedule. There is no basis for altering the finding that in the absence of the trustee's objection, the Court (and apparently the debtors' attorney as well) would not have been aware that the debtors executed a document in October 1980 with provisions for attorneys' fees very different from those contained in the schedule submitted by HFC. Whether in the absence of objection, HFC's counsel would have volunterred information that attorneys' fees were being sought at a rate ten times greater than permitted by law in 1980 is speculation. Certainly nothing about retroactivity emerged prior to the March 15 hearing, and it is equally clear that at the hearing it was the trustee, not HFC's counsel, who made the first explicit reference to HFC's substitution of a revised fee schedule for the one signed by the debtors.

Because counsel did make some oblique reference to a revised form, and to an advisory opinion, the Court amends its June 17 decision by deleting the words "even deceptive" from the sentence in question,[3] so that it now reads, "Justice is ill served by such a highly selective representation of the law and facts." The Court sees no reason to alter its finding that the Memorandum of Law in Support of Motion for Award of Attorneys' Fees and Expenses was misleading and highly selective in representing the law and facts in its failure to state that a revised fee schedule appended to said memorandum—a schedule not in effect when the debtors entered into a secondary mortgage loan agreement with HFC—was the basis for counsel's request for $750 in attorneys' fees.

Upon reconsideration, the Court reiterates its findings, except as amended above, as well as that part of the June 17 decision and order awarding a $75 attorneys' fee and $80 for expenses.

---

3. The applicant's reputation based on other appearances before this Court has been of a quality high enough to provide further support for amending the June 17 decision in this respect.