In the Matter of William J. DOOLEY and Fannie J. Dooley, Debtors.

Bankruptcy No. 82–02886A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Jan. 31, 1984.

Paul C. Parker, Decatur, Ga., for petitioner.

Thomas E. Prior, McCalla, Raymer, Padrick, Cobb, Nichols & King, Atlanta, Ga., for respondent.

OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

This matter is before the Court on the debtors' objection to creditor Commonwealth's ("Commonwealth") proof of claim. In response to the debtors' Chapter 13 joint petition, Commonwealth filed a claim as a secured creditor in the amount of $21,-242.50, of which $50.00 was charged as attorney's fees. The awarding of attorney's fees in the instant circumstances is governed by 11 U.S.C. § 506(b), Rule 219 of the Rules of Bankruptcy Procedure, then in effect, and the standards and procedures set forth in *Johnson v. Georgia Highway Express,* 488 F.2d 714 (CA5, 1974); *In re First Colonial Corp. of America,* 544 F.2d 1291, (CA5), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977); and *In re U.S. Golf Corp. (Neville v. Eufaula Bank & Trust Co.),* 639 F.2d 1197 (CA5, 1981).

■ Unsatisfied with the affidavits and briefs requested previously on the objection to the part of the claim comprising the $50.00 attorney's fee, on September 22, 1983, this Court held an evidentiary hearing. The question is whether the creditor's attorney is entitled to his claim for $50.00 in attorney's fees. Although at the hearing the debtor's attorney withdrew objections to the $50.00 claim for attorney's fees, this Court is mindful that a judicial determination is required on the issue of the reasonableness of attorney's fees. *In re Meade Land and Sign Development Co., Inc.,* 527 F.2d 280, 284 (CA3, 1975), *aff'd* 577 F.2d 858 (CA3, 1978). After review of applicable law and procedure, this Court finds that the evidence presented by the record fails to meet the "strict standard" required of an attorney seeking compensation in the Bankruptcy Court. *Meade Land, supra,* at 283. Because the hearing disclosed that the amount of time spent could not be documented with any specifici-

ty, the opportunity to amend the claim would be futile as it could not produce the required information. Therefore, the award of $50.00 for attorney's fees sought by the creditor's attorney must be denied.

## FINDINGS OF FACT

1. The Security Deed executed by the parties on October 13, 1978, contained language which permitted the lender to collect attorney's fees incurred in court proceedings, litigation or other proceedings affecting the property;

2. On June 22, 1982, the debtors filed a joint Chapter 13 petition;

3. The debtors listed Commonwealth as a creditor with a security interest in the debtors' principal residence;

4. The debtors listed the value of their principal residence as $30,000.00;

5. Commonwealth filed a proof of claim showing the total amount owed as $21,-242.50. The total pre-petition arrearage was $1,197.75, of which $50.00 was charged as attorney's fees;

6. Debtors objected to the creditor's charge of the $50.00 attorney's fees;

7. In support of creditor's charge of the $50.00 attorney's fee the following documentation was submitted:

(a) Proof of claim indicating a $50.00 charge for attorney's fees;

(b) Security Deed and Security Deed Note, signed by the parties October 13, 1978, which had language expressly giving the lender the right to collect attorney's fees in circumstances similar to the instant one;

(c) Affidavit by the attorney for the creditor indicating the $50.00 attorney's fee charge was for review of the summary of the Chapter 13 plan and preparation and filing of the proof of claim. Affiant's description of work done is of a general character; specific information such as time spent and level of difficulty of professional services regarding this particular matter does not appear in this documentation.

8. On September 22, 1983, an evidentiary hearing was held on this dispute at which the following additional information was elicited:

(a) The affidavit previously submitted by the creditor's attorney, stating what he had done in the case, was probably a form (pp. 4–5);

(b) Employment of and payment to an attorney is justified in these circumstances because failure to comply with proper procedures may reduce a secured creditor's claim to an unsecured one (p. 6);

(c) In preparation of a proof of claim the attorney looks at the mortgage documents, the notice the court sends out of the summary of the plan, and makes some decisions as to what amount of arrearage should be paid or should be included on the claim to be paid (p. 9);

(d) The previously submitted affidavit had failed to include mention of the "liability involved" to the attorney should the attorney fail in the correct preparation for filing, "the risk of the attorney is worth something" (p. 10);

"For the risk that the attorney undertakes of doing it wrong, some compensation is in order. And our position is $50.00" (p. 14);

Part of the fee is for legal exposure (pp. 15–16);

(e) Sometimes the attorney is given only a short time to handle the proof of claim, e.g., less than three weeks (p. 13);

(f) The actual work is neither the most sophisticated nor the most complicated (p. 14);

(g) The reply to the question of how long it takes the attorney was "very little time" (p. 14);

(h) The attorney trains and supervises others who may actually do the work but is always responsible for their work (p. 16);

(i) The attorney generally reviews the preparation of the proof of claim, but all preparations do not necessarily get his review (p. 16);

(j) The time spent was less than a half hour, nor is the $50.00 fee based on the time spent (p. 16);

9. Both sides have submitted written briefs.

### DISCUSSION

The attorney for the creditor supports the argument that the creditor is entitled to an award of attorney's fees in the amount of $50.00 by way of the following arguments:

(1) the debtor lacks standing to challenge the creditor's proof of claim;

(2) pursuant to § 506(b), the creditor is oversecured and thus entitled to reasonable attorney's fees as the contract between the parties expressly so provided;

(3) review of the summary of a Chapter 13 plan, calculation of interest pursuant to § 1325(a)(5)(B)(ii), the preparation and filing of a proof of claim for an out-of-town secured creditor, the attorney's legal exposure if done wrong, and the training and supervision of those who may do the actual work warrant the employment and payment of reasonable fees to an attorney familiar both with local rules and procedures and national rules and procedures;

(4) the burden of proof is on the party objecting to the proof of claim.

#### (1) The Debtor Has Standing

Title 11 U.S.C. § 502(a) provides that a claim shall be deemed allowed unless a party in interest objects to it. This Court finds unpersuasive the creditor's argument that the trustee in this Chapter 13 case is the only party who may properly object to Commonwealth's proof of claim. The debtor is a party in interest, and, consequently, has standing to object. *In re Mitcham*, Case No. 82–02133A (BC ND GA, June 28, 1983); *In re Roberts*, 20 B.R. 914, 916–17 (BC ED NY, 1982).

#### (2) Section 506(b) Entitles an Oversecured Creditor to Reasonable Attorney's Fees

The debtors, in schedules filed with their joint petition, valued their principle residence at approximately $30,000.00. The amount shown in Commonwealth's proof of claim was less than $22,000.00. Clearly, Commonwealth falls within the requirements of § 506(b) to be an oversecured creditor.

Section 506(b) authorizes payment of "any reasonable fees, costs, or charges provided under the agreement under which such claim arose" for a creditor whose claim "is secured by property the value of which ... is greater than the amount of such claim." Paragraph 5 of the Security Deed provided:

> [t]hat such expenses and fees as may be incurred in the protection of said premises, including the fees of any attorney employed by the grantee or the collection of any or all of the indebtedness hereby secured, or foreclosure by grantee's sale or court proceedings or in any other litigation or proceeding affecting said premises, and attorney's fees reasonably incurred in any other way, shall be paid by the grantor and secured by this instrument.

Thus, the agreement between Commonwealth and the debtors expressly provided for the collection of attorney's fees in such circumstances as presented here.

#### (3) Review, Preparation and Filing of a Claim for a Secured Creditor

The state of the law on this issue, e.g., whether attorney's fees can be collected for reviewing the Chapter 13 plan, and preparation and filing of the claim remains unsettled. *See In re Cipriano*, 8 B.R. 697 (BC RI, 1981) (Attorney's fees involved with collection under contract for automobile between debtor and secured party awarded but "time spent to prepare, execute and file a proof of claim" was held "non-compensable." *Id.* at 699); *In re Banks*, 31 B.R. 173 (BC ND Ala., 1982) (Attorney's fees for filing proof of claim not awarded: not required to be performed by an attorney and can be performed by non-lawyers); *but cf. In re Rutherford*, 28 B.R. 899, (BC ND Ill., 1983) and *In re*

*Mitcham,* Case No. 82–02133A (BC ND Ga, June 28, 1983) (Attorney's fees awarded).[1] This Court does not reach this issue in the instant proceeding because the creditor has failed to meet his burden of proof on the issue of attorney's fees.

### (4) Burden of Proof on the Issue of Attorney's Fees

■ The secured creditor's position as initially briefed was that the trustee or debtor objecting to the proof of claim had the burden of proof on this issue; the creditor was under no obligation to justify its claim. Citation to § 502(a) and Rule 301(b) in *Collier on Bankruptcy* was given to support the creditor's assertion. 3 *Collier on Bankruptcy* ¶ 502.02, at 502–20 (15th Ed.1979). This Court rejects the proposition that attorney's fees in the instant circumstance do not have to be justified and, further, finds that the documentation submitted by creditor's attorney fell short of the requirements set forth in the Bankruptcy Rules and developed under decisional law.

While this Court agrees that § 502 of the Code and Rule 301(b) establish a proof of claim as *prima facie* evidence of the validity and amount of the claim, even in the presence of objections, this Court notes that Bankruptcy Rule 219, then in effect, set forth the procedural requirement for specifically requesting compensation of an attorney. Rule 219 ("Compensation For Services Rendered And Reimbursement Of Expenses Incurred In A Bankruptcy Case,") provided

(a) Application for Compensation or Reimbursement. A person seeking compensation for services, or reimbursement of necessary expenses, from the estate shall file with the Court an application *setting forth a detailed statement of (1) the services rendered and expenses incurred,* (2) the amounts requested . . . *the requirements* of this subdivision *shall apply to an application for compensation for services rendered by an attorney or accountant even though the application is filed by a creditor* or other person on his behalf.[2]

(Emphasis supplied).

In addition to the requirements of Rule 219, an attorney requesting fees must come within the criteria established in decisional law. There are three prominent Fifth Circuit decisions which condition an attorney's capacity to collect fees: *Johnson v. Georgia Highway Express,* 488 F.2d 714 (CA5, 1974) (twelve factors to be considered by District Court Judge before awarding attorney's fees in a civil rights action); *In re First Colonial Corp. of America,* 544 F.2d 1291 (CA5), *cert. denied,* 431 U.S. 904, 97 S.Ct. 1696, 52 L.Ed.2d 388 (1977) (extended the consideration of twelve *Johnson* factors to bankruptcy cases and set out appropriate procedure for Bankruptcy Judge to follow in determining award of attorney's fees); *In*

---

**1.** This Court recognizes that *Mitcham* awarded attorney's fees in circumstances similar to the present ones. Under local procedure, the Estate Administrator held an evidentiary hearing upon the issue of attorney's fees. The Estate Administrator recommended an award of attorney's fees *to the* Bankruptcy Judge. Unless the documentation submitted complied with the requirements of Bankruptcy Rule 219 and decisional law, this Court could not concur with such an award.

**2.** The Advisory Committee's Note to this rule is instructive:

The premise for including in these rules provisions governing the allowance of compensation to officers, attorneys, and accountants, is that *it is peculiarly a judicial responsibility* to supervise the administration of estates and in particular *to assure that allow-* *ances for compensation to those rendering services in connection therewith are fair but not excessive.* 3A *Collier* ¶ 62.05[3] (1961). . . . All allowances of compensation under this rule are exercises of the court's discretion, but inasmuch as allowances to attorneys and accountants are not subject to the limitation imposed by § 48 of the Act on the compensation of receivers, marshals and trustees, *there is special need for detail in applications for compensation of attorneys and accountants.* Such application should indicate *all relevant information having a bearing on the compensation to be allowed* . . . .

(Emphasis supplied).

Rule 2016(a) of the new Rules of Bankruptcy Procedure, effective August 1, 1982, also continues this policy.

re U.S. Golf Corp. (*Neville v. Eufaula Bank & Trust Co.*), 639 F.2d 1197 (CA5, 1981) (application of *Johnson* and *First Colonial* required that the Bankruptcy Judge must describe findings of fact, explain the analysis of the appropriate factors which led to the decision, and indicate how each of the twelve *Johnson* factors affected the decision).

This Court does not reach the searching inquiry mandated by this decisional law because the threshold requirements of *First Colonial* and *U.S. Golf* have not been met. For the Bankruptcy Judge to determine the "nature and extent of services supplied by the attorney ... the attorney seeking fees should file a specific written statement and description of his hours worked ...". *U.S. Golf* at 1202 citing *First Colonial* at 544 F.2d 1299.[3] While this Court feels that emphasis on hours expended may be misplaced as a standard for the award of attorney's fees, the fact remains that these decisions in footnote 3 repeatedly use the terms: "hours worked," "total time," "time records," "hourly rate," "hours and times per day," "how much

time." In the instant circumstances this documentation was not submitted. Additionally, it was apparent from the hearing that with regard to the instant proceeding no such documentation was possible.

■ The request for attorney's fees in the instant case initially amounted to no more than a phrase, filed as part of the proof of claim, that there was a $50.00 charge against the debtors' estate for attorney's fees. It is this $50.00 charge which caused the debtors to object. Later, the creditor did attempt to offer justification for the attorney's fee request by filing with the court a Supplemental Brief to which an affidavit by the creditor's attorney was attached.

The affidavit filed by the creditor's attorney in this case stated the following: (1) the $50.00 charge was "for reviewing the summary of the plan and preparing and filing the proof of claim"; (2) the process involved making necessary calculations including the amount to which a secured creditor is entitled pursuant to § 1325(a)(5)(B)(ii);[4] (3) the importance of a

---

**3.** *First Colonial* cited to an earlier case, *In re Meade Land and Sign Development, Co., Inc.*, supra. In *Meade Land*, as in *First Colonial*, the Circuit Court stressed the attorney's obligation to account for his work to the court in making his fee request. In finding the records upon which the attorney based his fee request to be inadequate, the Third Circuit stated:

> Applying the strict standard enunciated in these cases, we conclude that the petitioner failed to establish with requisite records how the total time for which compensation was claimed had been spent.

> We stress that it is *the attorney's obligation to keep and submit to the court time records supporting an application for compensation.* And, absent unusual circumstances, *it is the court's independent obligation to give credit only where there are such supporting documents, even in cases where no interested parties raise objections to the claim.* Additionally, we think it would be appropriate for the Bankruptcy Judge to indicate what was determined to be a reasonable hourly rate for such services.

*Id.* 527 F.2d at 283–84. When *Meade Land* was once again on appeal to the Third Circuit, the Court continued its demand for appropriate supporting documentation from attorneys seeking an award of attorney's fees: "the claim ... for the services ... was disallowed by the Bank-

ruptcy Judge "because no dates or times and hours per day are specified." Our review of the record confirms that there is no record supporting the estimate ...". *Meade Land*, 577 F.2d, 858, 860 (CA3, 1978).

The *First Colonial* Court, commenting upon the award of fees, noted that the "award of duplicative fees or compensation for nonlegal services" is forbidden. 11 U.S.C. §§ 102–104 (1953 & Supp.1976); R. Bankruptcy Pro. 219. *Id.* at 1299.

*See also In re Nation/Ruskin, Inc.*, 22 B.R. 207, 210 (BC ED Penn., 1982):

> [The attorney] has neglected to meet the *Meade* requirements of adequately documenting with specificity, the services provided to the debtor. General statements will not justify fee awards. Lumping-together services and failure to adequately specify how much time has been expended for each individual service, is not acceptable for the court's inspection and evaluation.

*In re Art Shirt, Ltd., Inc.*, 30 B.R. 318, 320 (BC ED Penn., 1982), "The application does not provide this Court with any basis to justify an award ... counsel has impermissibly lumped several services together in one entry."

**4.** Any calculation of interest pursuant to § 1325(a)(5)(B)(ii) in circumstances where the

timely filed proof of claim to a secured creditor; (4) the risk posed, especially to an out-of-town secured creditor, by a defective proof of claim warranted employing an attorney familiar both with local rules and procedures as well as national rules and procedures; (5) a $50.00 charge for these services was "reasonable." The affidavit did not include specific information regarding the instant matter which would have been relevant to the "peculiarly judicial responsibility" for determining reasonable fees under Rule 219 and decisional law.

At the subsequent hearing, additional information concerning the attorney's services was received. Yet, the attorney did not delineate a specific amount of time except that it was "very little time," "less than one-half hour," "nor is the $50.00 fee being charged based on the time spent," "each preparation and filing of a proof of claim is not necessarily reviewed by the attorney although he remains the individual responsible." Moreover, it appears that a significant portion of the $50.00 fee charged by the creditor's attorney was based on the legal exposure the attorney could suffer if the preparation or filing was done in error. Rule 219 does speak in terms of "compensation for services, or reimbursement of necessary expenses." While legal malpractice insurance may now be a necessary expense for those engaged in legal practice, this Court does not find that Rule 219 contemplated such overhead expenses falling directly on the debtor. A review of decisional law is equally lacking in any indication that an attorney can directly claim as part of an attorney's fee award expenses attributable to overhead. At a minimum, then, the Rules and decisional law require an attorney seeking an award of attorney's fees initiate his request "with

only security held by the secured creditor is on the debtors' principle residence would be in error. Section 1322(b)(2) of the Code is the governing provision in such circumstances as it specifically addresses the rights of such a secured claim holder: "The plan may ... modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principle residence, or of holder of unsecured claims." Because

the requisite records how the total time for which compensation was claimed had been spent.... It is the attorney's obligation to keep and submit to the Court time records supporting an application for compensation." *Meade Land, supra,* 527 F.2d at 283–84.

This Court agrees that the award of attorney's fees for such services to a creditor who meets the criteria of § 506(b) and presents the proper documentation may be justified. Because the necessary documentation was not submitted for review, this Court is unable to determine "the nature and extent of services supplied by the attorney." *U.S. Golf Corp., supra* 639 F.2d at 1202, citing to *First Colonial, supra,* 544 F.2d at 1299. It is, therefore, unnecessary for this Court to analyze the application of the twelve *Johnson* factors.

For the reasons set forth above, the award of attorney's fees is hereby denied.

§ 1322(b)(2) protects such a secured lender from any modification of its rights, it operates, in effect, as an exception to the "cramdown" provisions of § 1325(a)(5)(B). *See In re Carr,* 32 B.R. 343, 344–45 (BC ND Ga., 1983); *In re Simpkins,* 16 B.R. 956, 963–64 (BC ED Tenn., 1982); *In re Cooper,* 7 B.R. 537, 542 n. 7 (BC ND Ga., 1980); *In re Christian,* 35 B.R. 229 (BC ND Ga., 1983).