## In re MIRACLE ENTERPRISES, INC., Bankrupt.

### Bankruptcy No. 79–108.

United States Bankruptcy Court, D. Rhode Island.

Jan. 9, 1986.

See also 40 B.R. 503.

John F. Cuzzone, Jr., Steven H. Orabone, Quinn, Cuzzone & Geremia, Providence, R.I., for Joseph A. Sullivan.

Samuel J. Kolodney, Providence, R.I., trustee.

## DECISION ON MOTION FOR RECONSIDERATION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Heard on motion to reconsider our October 2, 1985 order, wherein John F. Cuzzone, Jr., Esq., attorney for a secured creditor Joseph A. Sullivan, was awarded attorneys' fees of $500, plus expenses of $4.00. Steven H. Orabone, Esq., who appeared on Mr. Cuzzone's behalf at the September 5, 1985 hearing, was unable to describe to the Court the nature of the services performed, so we requested written support of Mr. Cuzzone's application for compensation in the amount of $1,995. After considering the entire record, including Mr. Cuzzone's response to our request (*see* Letter to the Court dated September 16, 1985), we affirm the award of $500, plus expenses of $4.00, based on the following findings.[1]

This Old Act case, which has been pending since April 5, 1979, was converted from Chapter XI to straight bankruptcy on May 9, 1983. The bulk of the bankrupt's assets were sold free and clear of liens and encumbrances at public auction on April 19, 1985, for $535,000. On September 18, 1985, the trustee was authorized to distribute the proceeds in accordance with the terms of a prior order of this Court, dated March 15, 1985, which provided for payment to Sullivan of the unpaid principal and interest due under a $20,000 note dated January 16, 1978.[2] The trustee was directed to withhold $1,999 from the distribution,

---

1. Although not required on the instant motion for reconsideration, this decision constitutes our findings of fact and conclusions of law. *See* Bankruptcy Rule 7052 and Fed.R.Civ.P. 52(a).

2. By stipulation dated November 5, 1985, the trustee agreed to pay Sullivan $38,238.83.

pending the resolution of Mr. Cuzzone's application for attorneys' fees.

The January 16, 1978 promissory note, secured by a first mortgage on real estate at 569 West Main Road, Middletown, Rhode Island, provides that

[i]f this note shall not be paid on demand and shall be placed by the holders hereof in the hands of any attorney for

3. Mr. Cuzzone seeks compensation for the following services:

**1979**

| | | |
|---|---|---|
| May 2 | Preliminary conference with client; reviewed Chapter 11 proceedings; prepared and attended to execution of proof of claim; attendance at Town Hall for search of title to establish priority of liens; | 3.75 |
| December 11 | Received and reviewed proposed plan of arrangement and correspondence from creditors' committee; conferred with client to discuss proposed arrangement; | .75 |

**1981**

| | | |
|---|---|---|
| January 5 | Filed proof of claim with clerk of Bankruptcy Court; | .25 |
| January 8 | Prepared and transmitted power of attorney to client for execution in Florida; conferred with client; | .50 |
| January 15 | Transmitted executed power of attorney to Bankruptcy Court as requested; | .10 |
| August 20 | Conferred with Trustee concerning proposed plan of reorganization; | .15 |
| August 25 | Corresponded with client concerning reorganization plan; | .25 |
| December 11 | Received and reviewed objection by debtor in possession; prepared and filed objection to same—filed original with clerk of court and copies to opposing counsel; | .50 |

**1983**

| | | |
|---|---|---|
| January 3 | Received correspondence from Trustee in Bankruptcy concerning claims to personal property and reviewed same; | .15 |
| March 26 | Received and reviewed application to adjudge debtor corporation as bankrupt; | .10 |
| May 11 | Received and reviewed grant of application to appoint trustee; | .10 |
| June 16 | Received notice of conversion to Chapter 7 from clerk of court and reviewed same; | .10 |
| September 20 | Conferred with trustee relative to mortgage on Middletown property; | .10 |
| November 7 | Received and reviewed complaint to sell property free and clear of liens; | .25 |
| November 21 | Conferred with Trustee in Bankruptcy; | .10 |
| November 22 | Received and reviewed answer of Old Colony Co-Operative Bank to | |

collection through legal proceedings or otherwise, the undersigned will pay in addition to the balance of this note due a reasonable attorneys' fee and all necessary costs of collection along with the unpaid balance plus accrued interest.

Under the default provisions of the note, Mr. Cuzzone seeks reimbursement from the estate for legal fees and expenses totaling $1,999, for collection services [3] provided to Sullivan.[4]

**1983**

| | | |
|---|---|---|
| | complaint to sell property free and clear of liens; | .25 |
| November 23 | Received hearing notice and docketed same; received and reviewed petition to reclaim filed on behalf of SBA; | .25 |
| December 14 | Preparation for and attendance at hearing at Bankruptcy Court concerning complaint to sell property free and clear of liens; | 1.25 |
| December 29 | Received and reviewed Order from Bankruptcy Court pursuant to December 14 hearing; | .10 |

**1984**

| | | |
|---|---|---|
| February 15 | Prepared and filed motion to file answer out of time along with answer to complaint of trustee to sell property free and clear of all liens; | .50 |
| March 5 | Received and reviewed order granting leave to file answer out of time; | .10 |
| March 7 | Filed answer to complaint of trustee—copies to all counsel; | .25 |
| September 20 | Correspondence with trustee in bankruptcy concerning Sullivan claim; | .25 |
| September 25 | Received and reviewed application of trustee to employ appraiser; | .10 |
| October 16 | Received and reviewed order allowing appointment of appraiser; | .10 |
| November 14 | Conferred with trustee in bankruptcy concerning status of various claims; | .10 |

**1985**

| | | |
|---|---|---|
| January 30 | Received and reviewed notice concerning objections to claims; received and reviewed application of trustee to compromise controversy and reviewed same; prepared and filed objection to application of trustee to compromise controversy; | 1.00 |
| February 15 | Received notice of hearing and docketed same; | .10 |
| March 7 | Preparation for and attendance at hearing at Bankruptcy Court; | 1.50 |
| March 14 | Conferred with trustee in bankruptcy; | .10 |
| March 22 | Received and reviewed order of trustee; | .10 |
| April 26 | Received and reviewed application for approval of sale at public auction; | .10 |

TOTAL HRS: 13.30

4. While the usual procedure is for the secured creditor to seek reimbursement of attorneys'

This case, which was filed prior to October 1, 1979, is governed by the terms of the now-repealed Bankruptcy Act of 1898. It should be noted here that 11 U.S.C. § 506(b),[5] which entitles a creditor with an oversecured claim, to reasonable fees, costs, or charges provided for in the agreement under which the claim arose, is not applicable. *See Central Trust Company v. Official Creditors' Committee of Geiger Enterprises, Inc.*, 454 U.S. 354, 102 S.Ct. 695, 70 L.Ed.2d 542 (1982); *ITT Industrial Credit Company v. Scarboro and Garnto (In re Scarboro and Garnto)*, 4 C.B.C.2d 1222, 13 B.R. 439 (M.D.Ga.1981). Although the 1898 Act contained no express provision relating to the allowance of attorneys' fees to secured creditors, 11 U.S.C. § 506(b) is not a departure from, but rather a codification of, the pre-Code case law. *See United Merchants and Manufacturers, Inc. v. Equitable Life Assurance Society of the United States (In re United Merchants and Manufacturers, Inc.)*, 674 F.2d 134 (2d Cir.1982). *See also* S.Rep. No. 95–989, 95th Cong. 2d Sess. 68 (1978); H.R. Rep. No. 95–595, 95th Cong. 1st Sess. 356–7 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5963; 3 *Collier on Bankruptcy* ¶ 506.05 (15th ed. 1985).

In pre-Code cases, the enforceability of a clause in a note providing for attorneys' fees is a matter of state law. *See Security Mortgage Co. v. Powers (In re Florida Furniture Co.)*, 278 U.S. 149, 49 S.Ct. 84, 73 L.Ed. 236 (1928); *In re United Merchants and Manufacturers, Inc., supra; Vogel v. Triangle Equipment Co., Inc. (In re Triangle Equipment Co., Inc.)*, 26 B.R. 175 (W.D.Va.1982); *In re Carey*, 8 B.R. 1000 (Bankr.S.D.Cal.1981). Although under Rhode Island law parties may include a

contractual provision which imposes an obligation to reimburse attorneys' fees incurred in the collection of a debt, *see, e.g., Washington Trust Company v. Fatone*, 106 R.I. 168, 256 A.2d 490 (1969); *In re Cipriano*, 8 B.R. 697 (Bankr.D.R.I.1981), such an agreement is not to be considered a blank check signed by the obligor. This is in accordance with the general American rule that attorneys' fees are not ordinarily recoverable in the absence of a statutory or contractual provision providing therefor. *See Bank of New Jersey v. Larson (In re Kennedy Mortgage Company)*, 23 B.R. 466, 473 (Bankr.D.N.J.1982). Moreover,

> a rule of reason must be observed, in order to avoid such clauses becoming a tool for wasteful diversion of an estate at the hands of secured creditors who, knowing that the estate must foot the bills, fail to exercise restraint in enforcement expenses.

*James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.)*, 543 F.2d 986, 994 (2d Cir.1976).

We do not question that the pertinent language in the promissory note was sufficiently broad to encompass the services performed by Mr. Cuzzone. *See In re Cipriano, supra*, at 698. *But cf. In re Trombley*, 31 B.R. 386 (Bankr.D.Vt.1983). But it is the obligation of the Court to ensure the reasonableness of all fees awarded out of the estate, and where, as here, the circumstances have warranted, we have previously exercised our authority to award less than the full amount of attorneys' fees requested by a secured creditor pursuant to a collection clause in a note. *See In re Cipriano, supra; In re Cafaro*, 33 B.R. 160 (Bankr.D.R.I.1983).

fees under the terms of a collection clause (*see James Talcott, Inc. v. Wharton (In re Continental Vending Machine Corp.)*, 543 F.2d 986 (2nd Cir. 1976) ), courts have recognized that an attorney for a secured creditor may assert a right to payment of fees directly from the estate, independent of the secured creditor's claim. *See, e.g., Means v. Faletti (In re Waugh)*, 95 F.2d 451 (7th Cir.1938).

5. 11 U.S.C. § 506(b):

To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

In this case, Sullivan was never in jeopardy of being undersecured since he held a first mortgage on real estate which had a value greatly in excess of the amount of the debt. In addition, his secured status was never really challenged. On the facts before us, we are not satisfied that all services performed by Mr. Cuzzone were reasonable or necessary for the protection of Sullivan's interest. *See In re Banks*, 31 B.R. 173 (Bankr.N.D.Ala.1982); *In re Kennedy Mortgage Company, supra; In re Elmwood Farm, Inc.*, 19 B.R. 338 (Bankr. S.D.N.Y.1982). Compensation is being sought for the filing of a proof of claim on January 5, 1981 (Claim No. 70), and the filing of an objection on December 17, 1981 to the then debtor in possession's pro forma objection to Sullivan's claim. In fact, the claim was allowed without hearing, and no substantial legal action by Mr. Cuzzone was required to protect Sullivan's interest. Prudence should have dictated that there was simply no need for many of the services which he provided in co-piloting Sullivan's claim through the judicially controlled process of this routine bankruptcy liquidation. *See* 3A *Collier on Bankruptcy* ¶ 63.15 at 1850 (14th ed. 1975).

While Sullivan was clearly entitled to have his attorney investigate the status of his claim and report back from time to time, in this proceeding it would be improper to require creditors to pay for services not actually required to protect Sullivan's interest. Although at first glance the number of hours billed (13.3) might not appear excessive, since a majority of the services performed were unnecessary for the protection of Sullivan's interest, any fee over $500 should be borne by Sullivan, instead of the creditors of the bankrupt:

> It is inherently unreasonable to ask a debtor to reimburse attorneys' fees incurred by a creditor that are not cost-justified ... or necessary to preservation of the creditor's interest....

*In re Nicfur-Cruz Realty Corp.*, 50 B.R. 162, 169 (Bankr.S.D.N.Y.1985).

In determining that the claim for attorneys' fees is unreasonable to the extent that it exceeds $500, we have also considered the standards for awarding compensation in former Bankruptcy Rule 219(c),[6] the twelve factors [7] outlined in *King v. Greenblatt*, 560 F.2d 1024 (1st Cir.1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), and the "lodestar" [8] approach adopted by the First Circuit in *Furtado v. Bishop*, 635 F.2d 915 (1980). Under the "lodestar" approach, the requested hourly rate of $145 is clearly excessive, considering the nature of the services and the fact that much of the work in question was performed early on in this 1979 case, when prevailing hourly rates were considerably lower. *See In re Bishop*, 32 B.R. 302 (Bankr.D.R.I.1983); *In re American Metals Corp.*, 9 C.B.C.2d 168, 31 B.R. 229 (Bankr.D.Kan.1983).

In accordance with the foregoing findings and conclusions, and upon reconsidera-

**6.** Former Bankruptcy Rule 219(c): Factors in Allowing Compensation.

(1) General. The compensation allowable by the court to a trustee, receiver, marshall, attorney, accountant, or other person entitled to compensation for services rendered in the administration of a bankrupt estate shall be reasonable, and in making allowances the court shall give due consideration to the nature, extent, and value of the services rendered as well as to the conservation of the estate and the interests of creditors.

**7.** 1) the time and labor required 2) the novelty and difficulty of the question presented 3) the skill required to perform the legal services 4) the preclusion of other employment due to acceptance of the case 5) the customary fee in the community 6) whether the fee is fixed or contin-

gent 7) the time limitations imposed by client or circumstances 8) the amount involved and the results obtained 9) the experience, reputation and ability of the attorney 10) the undesirability of the case 11) the nature and length of the professional relationship with the client 12) awards in similar cases.

**8.** This approach, which was developed in *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973), involves a calculation of the "lodestar" (number of hours reasonably expended multiplied by a reasonable hourly rate) which is then adjusted to reflect other considerations such as the contingent nature of the fee, delay in payment, quality of representation, and results obtained.

tion, we affirm our award of $500, plus expenses of $4.00.